AMY BOWER ET AL. *v.* DAVID D'ONFRO ET AL.
(AC 15682)

Heiman, Hennessy and Spallone, Js.

Argued January 27—officially released June 24, 1997

*Roger J. Frechette*, with whom were *Matthew E. Frechette* and *Melinda P. Frechette*, for the appellants-appellees (defendant Bradley Ausmus et al.).

*Susan M. Cormier*, with whom were *Wesley W. Horton* and, on the brief, *Anthony Nuzzo, Jr.*, for the appellees-appellants (plaintiffs).

*Opinion*

SPALLONE, J. The defendants appeal from the judgment of the trial court granting postjudgment interest to the plaintiffs from the date of the verdict to the date judgment was rendered by the trial court following

remand by this court. The defendants claim that the trial court (1) failed to comply with the rescript of *Bower* v. *D'Onfro*, 38 Conn. App. 685, 663 A.2d 1061, cert. denied, 235 Conn. 911, 665 A.2d 606 (1995) (*Bower I*), (2) improperly acted on motions that were untimely made, (3) improperly acted pursuant to a motion for clarification, (4) improperly rejected the defendants' claims of finality of judgment, res judicata, issue preclusion, collateral estoppel and failure to appeal, and (5) incorrectly concluded that it had the authority to exercise "equity jurisdiction" in ruling suo motu against the defendants.[1] The plaintiffs filed a cross appeal, claiming that the trial court improperly denied their motion for clarification.

We conclude that the trial court complied with our mandate in *Bower I* and acted within its discretion in deciding to grant postjudgment interest, but that the award of interest from the date of the verdict was improper because interest should have been awarded from the date that the trial court originally rendered judgment on the verdict.

The following facts are pertinent to the appeal and cross appeal. On March 26, 1992, a jury returned a verdict of $1,000,000 against all the defendants.[2] Ten months later, on January 28, 1993, the trial court rendered judgment for the plaintiffs against the defendants in the amount of $478,326.95. The trial court, acting under the plaintiffs' offer of judgment, also awarded interest from September 22, 1987. See General Statutes

---

[1] Consideration of the defendants' second, third and fifth claims is subsumed in our discussion of the cross appeal.

[2] The jury found the defendants Bradley D. Ausmus and Lin Ausmus 50 percent negligent and the defendant David V. D'Onfro 50 percent negligent. Having settled with the plaintiffs prior to trial, the defendant David V. D'Onfro, also known as David V. D'Onfrio, is not a party to this appeal. Bradley D. Ausmus and Lin Ausmus are referred to as the defendants in the present appeal.

§ 52-192a. The defendants appealed to this court. In our decision of August 8, 1995, we ruled against the defendants on most of their claims, but reversed the award of prejudgment interest and concluded that the award of economic damages should be reduced from $100,000 to $65,019.40, the amount proven.

On October 17, 1995, the plaintiffs filed a motion in this court seeking to clarify our rescript by asking us to determine the proper commencement date for postjudgment interest. This court, without comment, denied the motion on November 8, 1995.

On November 20, 1995, the plaintiffs filed a motion in the trial court for a modified judgment. The trial court did not act on that motion. On November 27, 1995, the trial court rendered judgment, in accordance with our rescript, in the amount of $460,836.85 without prejudgment interest.[3]

The plaintiffs, on January 11, 1996,[4] filed with the trial court a "motion for clarification" requesting that the trial court "clarify its judgment to state whether [the plaintiffs] are entitled to interest . . . at 10% per annum: (1) from the date of the verdict (March 26, 1992) to the date of the judgment . . . in the amount of $169,310.19 . . . or (2) from the date of the original judgment (January 28, 1993) to the date of the modified judgment (November 27, 1995) in the amount of $130,423.14. . . ." The defendants objected to that motion.

---

[3] That amount, with interest from November 27, 1995, to the date of payment, has been paid by the defendants to the plaintiffs. At the time of payment, the plaintiffs reserved the right to pursue the interest issue and the defendants reserved their right to contest it. No satisfaction of judgment has been filed.

[4] The plaintiffs, also on January 11, 1996, filed a "supplemental bill of costs and interest" for interest from the date of the verdict to the date of the judgment. The defendants filed an objection. The chief clerk, stating that interest is not taxable as costs, denied the plaintiffs' request on January 24, 1996.

The trial court, on January 31, 1996, denied the plaintiffs' "motion for clarification" and overruled the defendants' objection. The court, however, invoking its powers of "equitable jurisdiction," then acted suo motu and reversed itself by ruling that the plaintiffs were entitled to "statutory interest" on the judgment from the date of the verdict, March 26, 1992. This appeal and cross appeal followed.

We first discuss the plaintiffs' cross appeal.[5] On January 11, 1996, seven weeks after the trial court rendered its judgment in accordance with our remand, the plaintiffs filed their "motion for clarification." The plaintiffs sought a ruling on their entitlement to postjudgment interest. Even though the plaintiffs' motion was captioned "motion for clarification," "we look to the substance of the claim rather than the form"; *Whalen* v. *Ives*, 37 Conn. App. 7, 15, 654 A.2d 798, cert. denied, 233 Conn. 905, 657 A.2d 645 (1995); and determine that it was a motion for postjudgment interest[6] under General

---

[5] The plaintiffs were awarded postjudgment interest, and thus have no ground for a cross appeal because they are not aggrieved. See Practice Book § 4005. Rather, the plaintiffs have raised an alternate ground for affirming the judgment of the trial court under Practice Book § 4013 (a) (1) (A). In the absence of aggrievement, claims made on cross appeal may be treated as alternate grounds for affirmance where such consideration did not prejudice the opposing side. See *Labbe* v. *Pension Commission*, 229 Conn. 801, 815, 643 A.2d 1268 (1994); *Cioffoletti* v. *Planning & Zoning Commission*, 209 Conn. 544, 547 n.1, 522 A.2d 796 (1989); see also *Whalen* v. *Ives*, 37 Conn. App. 7, 15, 654 A.2d 798, cert. denied, 233 Conn. 905, 657 A.2d 645 (1995).

The plaintiffs present, as an alternate ground for affirmance, the claim that the trial court acted within its discretion in granting the relief the plaintiffs sought. Here, the issue has been briefed by the parties and, therefore, there is no prejudice to the parties resulting from a treatment of the plaintiffs' cross appeal as an alternate ground for affirmance.

[6] Even if this motion were treated as one for clarification, the motion would not be untimely. "There is no time restriction imposed on the filing of a motion for clarification. See *Barnard* v. *Barnard*, [214 Conn. 99, 100, 570 A.2d 690 (1990)] (motion for clarification filed sixteen months after judgment); *Cattaneo* v. *Cattaneo*, [19 Conn. App. 161, 163, 561 A.2d 967 (1989)] (motion for clarification filed six and one-half years after judgment)." *Holcombe* v. *Holcombe*, 22 Conn. App. 363, 366, 576 A.2d 1317 (1990) (motion

Statutes § 37-3b.[7] Here, the substance of the plaintiffs' motion was a request for a determination of when post-judgment interest began to accrue.

The trial court in the present case first denied the motion and, later, in the same memorandum, concluded that the plaintiffs were entitled postjudgment interest from March 26, 1992. Although the court originally denied the motion, it effectively overruled itself by granting the relief the plaintiffs sought. The trial court described its action as being suo motu. In reality, it reversed its own decision. Such action is within the discretion of the trial court. "[A]lthough a judge should not lightly depart from a prior ruling on a motion before the same or a different judge, the prior ruling is not binding." *Barnes* v. *Schlein*, 192 Conn. 732, 734, 473 A.2d 1221 (1984). "[A] trial court possesses the inherent power to modify its own judgments during the term at which they were rendered. *Steve Viglione Sheet Metal Co.* v. *Sakonchick*, 190 Conn. 707, 710, 462 A.2d 1037 (1983); *Tyler* v. *Aspinwall*, 73 Conn. 493, 497, 47 A. 755 (1901). During the continuance of a term of court the judge holding it has, in a sense, absolute control over judgments rendered; that is, he can declare and subsequently modify or annul them. *Sturdevant* v. *Stanton*, 47 Conn. 579, 580 (1880)." (Internal quotation marks omitted.) *Blake* v. *Blake*, 211 Conn. 485, 494, 560 A.2d 396 (1989); see *State* v. *Wilson*, 199 Conn. 417, 436, 507 A.2d 1367 (1986). Though this common-law power is now restricted by statute,[8] courts continue to have

for clarification filed nineteen months after judgment was timely); see also *Zadravecz* v. *Zadravecz*, 39 Conn. App. 28, 30, 664 A.2d 303 (1995).

[7] General Statutes § 37-3b provides: "For a cause of action arising on or after October 1, 1981, interest at the rate of ten per cent a year, and no more, may be recovered and allowed in any action to recover damages for injury to the person, or to real or personal property, caused by negligence, computed from the date of judgment."

[8] See, e.g., General Statutes § 52-350d, which provides: "Jurisdiction of Superior Court. (a) For the purposes of postjudgment procedures, the Superior Court shall have jurisdiction over all parties of record in an action until

inherent authority to modify judgments. See *Connecticut National Bank* v. *Oxenhandler*, 30 Conn. App. 541, 546, 621 A.2d 300, cert. denied, 225 Conn. 924, 625 A.2d 822 (1993); *Batory* v. *Bajor*, 22 Conn. App. 4, 8, 575 A.2d 1042, cert. denied, 215 Conn. 812, 576 A.2d 541 (1990).

The defendants claim that, because the plaintiffs filed the motion approximately seven weeks after judgment had been rendered following our remand, the motion was untimely and the trial court was precluded from granting the motion. Section 37-3b does not provide for any time limits by which a party must seek interest. Nor does any other statute or rule of practice set a time limit. Statutory and case law clearly recognize that motions for postjudgment interest may be made after judgment has been rendered. See generally General Statutes § 52-192a; *Balf Co.* v. *Spera Construction Co.*, 222 Conn. 211, 214–15, 608 A.2d 682 (1992); *IBM Credit Corp.* v. *Mark Facey & Co.*, 44 Conn. App. 490, 493–94, 690 A.2d 410 (1997) (regarding postjudgment motions for determination of interest under General Statutes § 37-3a); *Edward Denike Tree Co.* v. *Butler*, 21 Conn. App. 366, 369, 573 A.2d 349 (1990). Common sense also dictates that a party seeking an award of postjudgment interest must file a posttrial motion because the award can be determined only after judgment has been rendered. Cf. *Paine Webber Jackson & Curtis, Inc.* v. *Winters*, 26 Conn. App. 322, 326, 600 A.2d 1048 (1991) (regarding interest under General Statutes § 52-192a), aff'd, 225 Conn. 146, 622 A.2d 536 (1993). We also note that this court, in *Stafford Higgins Industries, Inc.* v. *Norwalk*, 15 Conn. App. 752, 759, 546 A.2d 340 (1988),

---

satisfaction of the judgment or, if sooner, until the statute limiting execution has run, except the Superior Court shall have jurisdiction at any time to determine exemption rights and grant appropriate relief.

"(b) This section shall not be construed to allow opening of a judgment other than within four months succeeding the date on which it was rendered as provided by section 52-212a or as otherwise provided by law."

No satisfaction of the judgment has been filed. See footnote 3.

ruled that interest on a judgment should not be denied solely because judgment was rendered five years earlier.[9] Therefore, the motion to grant interest, filed seven weeks after the judgment was rendered following our remand, was not untimely.[10]

A decision to deny or grant postjudgment interest is "primarily an equitable determination and a matter lying within the discretion of the trial court." *O'Hara* v. *State*, 218 Conn. 628, 643, 590 A.2d 948 (1991); *Maluszewski* v. *Allstate Ins. Co.*, 34 Conn. App. 27, 38, 640 A.2d 129, cert. denied, 229 Conn. 921, 642 A.2d 1214 (1994). General Statutes § 37-3b provides in relevant part that "interest at the rate of ten per cent a year, and no more, may be recovered and allowed in any action to recover damages for injury to the person, or to real or personal property, caused by negligence, computed from the date of judgment." "In determining whether the trial court

[9] The reasoning in that case was based on the applicable statute of limitations, General Statutes § 52-598, which provides that execution may issue upon judgment for money damages for up to twenty years from the date of judgment.

[10] Furthermore, in other contexts, statutes that are silent as to time limits for their enforcement have been interpreted as requiring action within a reasonable time. For instance, we recently concluded that, under the Uniform Administrative Procedure Act, postjudgment motions for attorney's fees must be filed within a reasonable time of the entering of the final judgment and that the determination of what constitutes a reasonable time is a matter within the discretion of the trial court. See *McDonald* v. *Rowe*, 43 Conn. App. 39, 41, 682 A.2d 542 (1996); *Oakley* v. *Commission on Human Rights & Opportunities*, 38 Conn. App. 506, 517, 662 A.2d 137, aff'd, 237 Conn. 28, 675 A.2d 851 (1996). General Statutes § 4-184a "contains no express time limitations and the parties did not claim that they were prejudiced or unfairly surprised by the trial court's ruling." *McDonald* v. *Rowe*, supra, 41.

The defendants in the present case could not reasonably claim prejudice or surprise by the court's decision to grant postjudgment interest. Cf. *Patron* v. *Konover*, 43 Conn. App. 645, 653, 685 A.2d 1133 (1996). In the absence of such a claim, a trial court does not abuse its discretion in acting on postjudgment motions for interest filed within a reasonable time after judgment has been rendered. We conclude, as the trial court impliedly did, that seven weeks after the date that judgment had been rendered following remand is a reasonable time.

has abused its discretion, we must make every reasonable presumption in favor of the correctness of its action." (Internal quotation marks omitted.) *Maluszewski* v. *Allstate Ins. Co.*, supra, 39. "The court's determination regarding the award of interest should be made in view of the demands of justice rather than through the application of any arbitrary rule. . . . Whether interest may be awarded depends on whether the money involved is payable . . . and whether the detention of the money is or is not wrongful under the circumstances. . . ." (Citations omitted; internal quotation marks omitted.) Id. Here, the trial court, weighing equitable considerations, determined that postjudgment interest was due. We see no reasonable ground upon which to find an abuse of discretion in that determination.

"[U]pon determining that interest was appropriate, [however] the court had no discretion to start its accrual from any time other than the date of judgment." *Misiurka* v. *Maple Hill Farms, Inc.*, 15 Conn. App. 381, 386, 544 A.2d 673, cert. denied, 209 Conn. 813, 550 A.2d 1083 (1988). The jury rendered a verdict on March 26, 1992. The trial court rendered judgment for the plaintiffs on January 28, 1993. The trial court improperly determined that interest was to run from the date of the verdict. The court had no authority to start accrual of interest from any date other than January 28, 1993. We, therefore, affirm the trial court's determination that interest was due, but direct that the judgment be modified so that interest runs from January 28, 1993.

We reject the defendants' claim that the trial court did not follow our remand. In reviewing decisions of a trial court following remand by an appellate court, the question is whether the trial court correctly interpreted the mandate on remand. See *Bauer* v. *Waste Management of Connecticut, Inc.*, 239 Conn. 515, 522, 686 A.2d

481 (1996). "In carrying out a mandate . . . the trial court is limited to the specific direction of the mandate as interpreted *in light of the opinion.* . . . The trial court should examine the mandate and *the opinion of the reviewing court and proceed in conformity with the views expressed therein.*" (Emphasis in original; internal quotation marks omitted.) *Rizzo Pool Co.* v. *Del Grosso,* 240 Conn. 58, 65, 689 A.2d 1097 (1997); *Bauer* v. *Waste Management of Connecticut, Inc.,* supra, 522.

The rescript in *Bower I* states: "The judgment is reversed in part and the case is remanded with direction to render a judgment of $460,836.85 without any prejudgment interest." *Bower I,* supra, 38 Conn. App. 709. This rescript directs the trial court to render judgment in the amount of $460,836.85. This the trial court did, on November 28, 1995. The "reversal in part" ordered in *Bower I* concerned only the award of prejudgment interest and an arithmetical mistake in the calculation of collateral source payments. In every other respect, the judgment was affirmed. Whether postjudgment interest should run, and, if so, for what period, is unrelated to any issue previously decided by this court and is unrelated to our rescript in *Bower I.* The trial court complied with the mandate of this court by rendering judgment in the correct mathematical amount, exclusive of prejudgment interest.

The defendants also argue that the trial court improperly rejected their claims of finality of judgment, res judicata, issue preclusion, collateral·estoppel and failure to appeal. The defendants' argument, essentially, is that the trial court was precluded from acting on a question that had already been addressed and decided. Postjudgment interest, however, is an issue that, by its nature, can be addressed only after judgment has been rendered following the remand. Neither the trial court

in the first instance nor the Appellate Court in *Bower I* "had occasion to consider the question of [postjudgment] interest . . . ." (Citation omitted.) *Manchester Modes, Inc.* v. *Ellis*, 2 Conn. App. 261, 263 n.4, 477 A.2d 164 (1984); cf. *Nowell* v. *Nowell*, 163 Conn. 116, 122–23, 302 A.2d 260 (1972); cf. *Mazzotta* v. *Bornstein*, 105 Conn. 242, 244–45, 135 A. 38 (1926) (trial court, after remand, improperly considered issue of interest, which had been "considered and determined by the trial court and its judgment including such interest had been sustained upon appeal"). The issue could not have been addressed by either this court, via the plaintiffs' motion for exercise of judicial powers of October 17, 1995, or the trial court, by the plaintiffs' motion for modified judgment in accordance with the Appellate Court rescript of November 20, 1995. We denied the former motion and the trial court declined to act on the latter motion because the question of the award of postjudgment interest could not be addressed until judgment was rendered on remand. Since postjudgment interest had not been previously addressed, the trial court was not precluded from considering the issue.

The judgment is reversed in part and the case is remanded with direction to award postjudgment interest from January 28, 1993, the date the original judgment was rendered on the verdict,[11] until the date on which payment of was made to the plaintiffs.[12]

In this opinion the other judges concurred.

---

[11] The trial court has already complied with our remand in *Bower I* and judgment in that amount was already rendered by the trial court.

[12] See footnote 3.