[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed September 18, 1997
On August 1, 1994, judgment in the amount of $1,272,142.33 entered in favor of the plaintiff, William Marchetti, in a personal injury action brought against the defendants, Johnny Ramirez and A.P.A. Truck Leasing Corporation. The defendants took subsequent appeals to the appellate and supreme courts, where the Superior Court's entry of judgment in favor of the plaintiff was affirmed.
On March 7, 1997, the defendant tendered a check in the amount of the judgment to the plaintiff's attorney and a satisfaction of judgment was executed. On March 10, 1997, the satisfaction of judgment was filed in the clerk of court's office. According to the defendants, some time after March 10, 1997, the plaintiff's attorney submitted to the clerk a judgment file which contained an accounting for postjudgment interest under General Statutes § 37-3b from August 1, 1994 through February 18, 1997, when the Supreme Court affirmed the judgment of the Superior Court.
"A decision to deny or grant postjudgment interest is primarily an equitable determination and a matter lying within the discretion of the trial court." (Internal quotation marks omitted.) Bower v. D'Onfro, 45 Conn. App. 543, 550
(1997). "General Statutes § 37-3b provides in relevant part that `interest at the rate of ten per cent a year, and no more, may be recovered and allowed in any action to recover damages for injury to the person, or to real or personal property, caused by negligence, computed from the date of judgment.'" Id. "In determining whether the trial court has abused its discretion . . . every reasonable presumption [must be made] in favor of the correctness of its action." (Internal quotation marks omitted.) Id., 550-51. "The court's determination regarding the award of interest should be made in view of the demands of justice rather than through the application of any arbitrary rule . . . ." Id., 551. "`[U]pon determining that interest was appropriate, [however] the court [has] no discretion to start its CT Page 8945 accrual from any time other than the date of judgment.' Misiurkav. Maple Hill Farms, Inc., 15 Conn. App. 381, 386, 544 A.2d 673, cert. denied, 209 Conn. 813, 550 A.2d 1083 (1988)." Id.
The defendants have moved the court to expunge any postjudgment interest "awarded" by the clerk.[1] The defendants then raised three arguments against the court's exercise of discretion to award post-judgment interest.[2] First, the defendants argue that the plaintiff has already been richly compensated for his injuries. Second, the defendants argue that by awarding postjudgment interest for the period of time while the appeals were pending in the appellate courts, the Superior Court in effect would be punishing the defendants for taking the appeals. Third, the defendants argue that the purpose behind the awarding of postjudgment interest is to facilitate the settlement of disputes before final judgment is entered.[3] Since final judgment had already entered when the plaintiff submitted the judgment file awarding postjudgment interest, the policy of encouraging settlement would not be furthered.
The plaintiff moves the court for an award of postjudgment interest from August 1, 1994 through March 7, 1997. The plaintiff also seeks interest from March 7, 1997 through any period such postjudgment interest remains outstanding.
"General Statutes § 37-3b does not provide for any time limits by which a party must seek interest. Nor does any other statute or rule of Practice set a time limit. Statutory and case law clearly recognize that motions for postjudgment interest may be made after judgment has been rendered." Bower v. D'Onfro,supra, 45 Conn. App. 549. The Appellate Court has noted "that this court, in Stafford Higgins Industries, Inc. v. Norwalk,15 Conn. App. 752, 759, 546 A.2d 340 (1988), ruled that interest on a judgment should not be denied solely because judgment was rendered five years earlier." Id., 549-50. "[S]tatutes that are silent as to time limits for their enforcement have been interpreted as requiring action within a reasonable time." Id., 550 n. 10.
The jury rendered a verdict on June 9, 1994. The trial court rendered judgment for the plaintiffs on August 1, 1994. Therefore, in the court's discretion, interest may begin to run from August 1, 1994, and may be awarded through March 7, 1997. The court's award of postjudgment interest would not constitute prejudice or surprise to the defendants, as the defendants were CT Page 8946 aware that the court might order postjudgment interest to be paid. Indeed, the defendants requested the court not to award postjudgment interest even before the plaintiff had made a request for same. "In the absence of such a claim [of prejudice or surprise by the court's decision to grant postjudgment interest,] a trial court does not abuse its discretion in acting on postjudgment motions for interest filed within a reasonable time after judgment has been rendered." Id., 550. Since the appellate court has held that the mere passage of time does not make the subsequent filing of a motion for postjudgment interest unreasonable, such an award in the present case would fall within the court's discretion; however, the court, in its discretion, may deny the plaintiff's request for additional postjudgment interest to be applied from the time the check was tendered on March 7, 1997 through the present. The plaintiff cites no authority for awarding "postjudgment interest on any postjudgment interest that the court finds due." (Motion For Postjudgment Interest). Therefore, the court finds no basis for awarding the plaintiff additional interest for the time period in which the defendants failed to pay postjudgment interest where no award of postjudgment interest has been made.
Therefore, the court, pursuant to General Statutes § 37-3b, awards postjudgment interest to the plaintiff for the period beginning with judgment on August 1, 1994 and continuing through satisfaction of said judgment on March 7, 1997, said award is at the rate of ten (10%) percent per annum pursuant to said statute and is in the amount of $331,103.50. The court declines to award additional interest on the unpaid interest.
SKOLNICK, J.