[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO ALLOW POST-JUDGMENT INTEREST
Before the Court is the plaintiff's Motion to Allow Post Judgment interest on a judgment rendered on the plaintiff's verdict.
The amount of the judgment rendered on the verdict was payable at the time of its issuance when no appeal was taken. CT Page 12092 Because however the defendant R2, Inc. remains in bankruptcy, and the U.S. Bankruptcy court on May 20, 1991 ". . . ordered that Charles Budris not be allowed to make claims against any of the property of the debtor" [R2, Inc.][1] the court cannot find that the judgment was payable by the defendant R2, Inc., or any wrongful detention on the part of the defendant R2, Inc., which would justify award of post judgment interest.
The lawsuit brought in July of 1991 seeks damages for personal injury sustained when the plaintiff fell from a ladder while repairing a light over an industrial robot manufactured by the defendant. Prior to the commencement of suit, the defendant filed for bankruptcy in the United States Bankruptcy Court for the District of Connecticut, and, in February of 1990, an automatic stay was entered by virtue of such filing which stayed any claims against the defendant. However, in May of 1991, the bankruptcy court granted the plaintiff relief from the stay to allow his civil action against the defendant to commence, but limited, by order, any recovery by the plaintiff to "damages not in excess of any liability insurance coverage maintained by the debtor," and ordered that the plaintiff be precluded from making "any claims against the property of the debtor, and his relief shall solely be had through any liability insurance covering the debtor at the time of the injury." The defendant's insurance company is not a party to this state court action.
A jury verdict was rendered in favor of the plaintiff on his suit for damages in the amount of $3,530,450, and the court entered judgment in the amount of $3,250,450 after deduction for collateral source payments. Upon entry of judgment, the court noted the bankruptcy court's order and accordingly ordered judgment to enter "so limiting plaintiff's recovery to available insurance proceeds."[2] On July 14, 1997, the plaintiff filed a motion seeking pre-judgment interest pursuant to General Statutes § 52-192a.[3]
On July 18, 1997, the defendant's insurers offered to pay the plaintiff $2,000,000, the policies' liability coverage limit, plus post-judgment interest, provided for under the policies' Supplementary Payment terms. The offer was rejected.
On July 22, 1998, after argument on the motion for pre-judgment interest, the court granted the motion and awarded interest in the amount of $2,340,324, for a total judgment of $5,590,774. CT Page 12093
On February 9, 1998, the defendant's insurers again made an offer to pay the plaintiff, this time in the amount of $3,471,406.56, which represented the limit for liability coverage, pre-judgment interest and its calculation of post-judgment interest owed. The offer was again rejected. The defendant's insurers also tendered payment to the plaintiff by sending the plaintiff a check in the amount of $3,793,827.32. The plaintiff rejected the payment, returning the check to the defendant's insurers.
In March 1998, the defendant's insurers filed an action in the United States District Court for the District of Connecticut against the plaintiff for a declaratory ruling to determine the amounts of pre-judgment and post-judgment interest owed under the insurance policies. In April of 1998, the plaintiff filed an answer to the insurers' action in district court as well as a four-count counterclaim seeking damages against the insurers for breach of contract, negligent failure to settle, breach of the duty to deal fairly and act in good faith and a breach of the Connecticut Unfair Trade Practices Act (CUTPA). The Court takes judicial notice of this action and those pleadings.
On July 27, 1998, the plaintiff filed this motion for post-judgment interest, pursuant to General Statutes §37-3b, at a rate of ten percent per annum on the amount of the judgment entered on July 10, 1997. On September 3, 1998, the defendant filed an objection to the plaintiff's motion to allow post-judgment interest, arguing that there is no statutory authority to award such interest, the motion is untimely and the court should exercise its discretion to deny the post-judgment interest in the event there exists statutory authority. The court, Flynn, J., heard oral argument on the motion and ordered the parties to file supplemental memoranda addressing the issue of an award of interest in the context of a judgment rendered against a bankrupt defendant. The court now rules that although there is statutory authority and the Motion is not barred by the passage of time, there is no just reason to award post judgment interest against the defendant. The judgment does not permit the judgment to be recovered from the defendant and thus it cannot be held to have "wrongly detained" it. The judgment was simply not payable by this defendant.
General Statutes § 37-3b (repealed by Public Acts 1997, No. 97-58, § 2, effective May 27, 1997) provides: "For a cause of action arising on or after October 1, 1981, interest at the rate of ten per cent a year, and no more, may be recovered and allowed in any action to recover damages for injury to the CT Page 12094 person, or to real or personal property, caused by negligence, computed from the date of judgment."[4]
"General Statutes Section 37-3b does not provide any time limits by which the party must seek interest. Nor does any other statute or rule of practice set a time limit." Bower v. D'Onofro,45 Conn. App. 543, 550 (1997).
The defendant urges that the legislature's repeal and substitution of § 37-3b, which expressly applies only to causes of action arising on or after May 27, 1997 and which provides no savings clause for causes of action filed before that date, exempts all cases pending on May 27, 1997 from proceedings to assess post-judgment interest. The court rejects that contention. There is a general statute which provides that repeal of statutes like § 37-3b, without a specific savings clause in the repealer, nonetheless permits a court to use the repealed statute in cases pending at the time of its repeal. General Statute section 1-1(u) provides: "The passage or repeal of an act shall not affect any action then pending."
For causes of action accruing before May 27, 1997, "[a] decision to deny or grant post-judgment interest is primarily an equitable determination and a matter lying within the discretion of the trial court." (Internal quotation marks omitted.) Bower v.D'Onfro, 45 Conn. App. 543, 550, 696 A.2d 1285 (1997). "The court's determination regarding the award of interest should be made in view of the demands of justice rather than through the application of any arbitrary rule . . . Whether interest may be awarded depends on whether the money involved is payable . . . and whether the detention of the money is or is not wrongful under the circumstances . . ." (Internal quotation marks omitted.) Id., 551.
In the present case, pursuant to the order of the bankruptcy court, the plaintiff is precluded from making any claims against the assets of the defendant, and any relief recoverable on this judgment must be obtained solely through the defendant's liability insurance. This court's judgment rendered upon the verdict was specific that the plaintiff's recovery was limited to available insurance proceeds. Accordingly, this court cannot find the defendant "wrongful" upon the plaintiff's allegations that he has not been paid because the defendant is protected by the bankruptcy court order as recognized by this court's judgment on the verdict. Any "wrongful detention" of money, if it exists, CT Page 12095 must be asserted against the insurers, not the defendant. The insurers, however, are not parties to this action. This court cannot render orders declaring non-party insurers liable for post-judgment interest on the basis of unproved allegations that the insurers possibly acted wrongfully in detaining the amounts due upon the judgment. See Tonelli v. Ruggiero, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 038610 (January 10, 1997) (Flynn, J.) (18 CONN. L. RPTR. 405) (upon judgment against bankrupt defendant, "[t]he court has no jurisdiction over insurers for such a defendant who are not parties to the lawsuit in which the judgment entered"). The argument that the insurers acted improperly in retaining monies which they were required to pay out under the terms of the policies is an argument properly made before a tribunal in a case in which the insurers are parties. This court has taken judicial notice of the fact that a federal action has been commenced between these non-party insurers and the plaintiff in which the plaintiff has instituted counterclaims against the insurers for breach of contract, negligent failure to settle, breach of the duty to deal fairly and act in good faith and a breach of CUTPA.
The plaintiff argues that if the court does not award post judgment interest against the bankrupt defendant, R2, Inc., it must somehow be held responsible for creating a windfall for the defendant's insurers. The court rejects this view of the matter. This court's responsibility is to do justice in the case and controversy before it and determine as part of the adjudication whether there was any wrongful detention by the defendant R2, Inc., the party to this case. Non payment of a judgment simply cannot be determined to be wrongful if a defendant is in bankruptcy, protected by a stay and the lawsuit against the bankrupt defendant is permitted to proceed only upon condition that the plaintiff make no claims against the property of the bankrupt defendant debtor. If the plaintiff can prove its counter claim against the defendant's insurers in the separate federal litigation to which the insurers are a party, then presumably the U.S. District Court will not deprive the plaintiff of justice in the case or controversy which is before it.
This court's previous determination to allow prejudgment interest in this case was not based on its own discretion, but, rather, was required by statute. See General Statutes § 52-192a; Tonelli v. Ruggiero, supra, Superior Court, Docket No. 038610 (where plaintiff's offer of judgment was never accepted CT Page 12096 and the jury verdict exceeds the offer, the plaintiff is entitled, pursuant to § 52-192a, to interest from the date the complaint was filed to the date of the judgment). The imposition of postjudgment interest, however, is not required under General Statutes § 37-3b (prior to its repeal), but, rather, lies within the discretion of the trial court. In exercising that discretion, it is the court's function on a motion for post-judgment interest, in part, to determine whether the failure to pay the money owed by virtue of the judgment is wrongful. Pursuant to the bankruptcy court's order, the defendant was not required to pay the judgment — the payment was to come from the proceeds of insurance. Thus, if there has been a detention, the insurers, and not the defendant, have detained payment and any determination of the propriety of that detention relates to the insurers' actions, not the defendant's. Although coverage is in issue, it is clear that if the amount of the judgment, and any prejudgment interest, is proved to be covered under the policy, the insurers are directly responsible for payment of that sum pursuant to the bankruptcy court's order and, possibly, General Statutes § 38a-321. It may also be the insurers' responsibility to pay any detention damages if the U.S. District Court finds the plaintiff's counterclaim proved in the federal lawsuit between the plaintiff and the defendant's insurers. But it is not the defendant's responsibility in the event the insurers refuse to pay since the defendant is insulated through federal bankruptcy laws.
The plaintiff's motion for post-judgment interest is denied.
Flynn, J.