[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFFS' MOTION FOR POSTJUDGMENT INTEREST
On July 25, 1996 after a jury trial, the plaintiffs were awarded a verdict of $114,000 in damages. ($112,000 for Traci Constantine and $2,000 for Michael Constantine).
On September 17, 1996, after the court denied plaintiffs' motion to set aside the verdict or to increase an additur, judgment was entered in favor of the plaintiffs in the amount of $114,000. On October 7, 1996 defendant filed an offer of judgment dated October 4, 1996 in the amount of $114,000. The plaintiffs subsequently filed an appeal.
During the pendency of the appeal the plaintiffs filed several motions for extension of time within which to file their brief. On January 26, 1998 the Appellate Court heard oral argument, and on July 14, 1998 denied the appeal. On July 24, 1998 the plaintiffs filed a Motion for Correction and Reconsideration En Bane of panel opinion with the Appellate Court. That motion was denied on September 9, 1998.
By motion dated December 4, 1998 plaintiffs now seek an award of postjudgment interest. The court assumes said motion was made pursuant to General Statutes § 37-3b which had been in effect for causes of action arising on or after October 1, 1981 (and prior to the enactment of the present § 37-3b in effect for causes of action arising on or after May 27, 1997). The original § 37-3b
(having been repealed in 1997) provided as follows: CT Page 5330
 "For a cause of action arising on or after October 1, 1991, interest at the rate of ten percent a year, and no more, may
be recovered and allowed in any action to recover damages for injury to the person . . . caused by negligence, computed from the date of judgment." (Emphasis added.)
Our Appellate Court has held that "(A) decision to deny or grant postjudgment interest is `primarily an equitable determination and a matter lying within the discretion of the trial court.'" Bower v. D'Onfro, 45 Conn. App. 543, 550 (1997) quoting O'Hara v. State, 218 Conn. 628, 643 (1991). The court finds that it would be highly inequitable to grant postjudgment interest under the circumstances of this case. The plaintiffs were granted a verdict of $114,000, and judgment was entered on September 17, 1996. Less than three weeks later (on October 7, 1996) the defendant filed an offer of judgment for that amount, evidencing his willingness to pay the full amount of the verdict. Nevertheless, the plaintiffs appealed the case to the Appellate Court, sought several continuances in order to file a brief, and after losing the appeal, filed an additional motion to the Appellate Court. They thus managed to prolong the time during which interest could be earned for more than two years after the date of the judgment. Clearly, the defendant did not wrongfully withhold money, but was willing to pay if the money had been accepted by the plaintiff. The defendant should not bear the burden of paying interest when the plaintiffs appealed unsuccessfully.
Accordingly, the motion for postjudgment interest is denied,
Allen, Judge Trial Referee