[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION FOR RECONSIDERATION AND REARGUMENT (#154)
This matter is before the court on the defendants' motion for reconsideration and reargument (#154) (the "motion") concerning the court's August 28, 2002 order denying their request for nonsuit for failure to comply with court order, dated August 9, 2002 (#152) (the "request"). The defendants contend that the court issued inconsistent orders related to the request, dated August 22, 2002 and August 28, 2002. This matter appeared on the short calendar on October 7, 2002 and then was referred to the undersigned for consideration. In his opposition to the motion, the plaintiff referred to his supplemental discovery responses, dated October 7, 2002. Thereafter, the court heard oral argument on November 4, 2002.
By supplemental order dated July 23, 2002, the court reiterated its previous order, dated July 8, 2002, in which the plaintiff was ordered to comply with the defendants' discovery request by July 30, 2002 (#147). In the request, the defendants stated that they had "again received only partial answers to its [sic] interrogatories and production requests dated May 16, 2002." The request referred to attached exhibits.
As the court explained at oral argument, in the last week of August, 2002, the undersigned returned to Middletown from vacation and was presented with the request. The court reviewed the request and issued its order of August 28, 2002, which states, "Denied, due to lack of presentation of claimed inadequate responses."
At the time of its review of the request, the court was informed that the clerk's suggested order of August 22, 2002 was a proposed order only and had not been issued.[1] No exhibits were attached to the request when it was reviewed by this court. The exhibits which are currently in the court's file with the request were not presented to the undersigned for review prior to the August 28, 2002 ruling. Contrary to the defendants' assertion in their motion, the exhibits were not overlooked by this court. Thus, the August 28, 2002 order is the Operative order of CT Page 14233 the court. See Steve Viglione Sheet Metal Co. v. Sakonchick, 190 Conn. 707,710, 462 A.2d 1037 (1983); Bower v. D'Onfro, 45 Conn. App. 543, 548,696 A.2d 1285 (1997).
"[A] court may, either under its inherent power to impose sanctions in order to compel observance of its rules and orders, or under the provisions of [Rule of Practice] § 13-14, impose sanctions, including the sanction of dismissal." Millbrook Owners Assoc., Inc. v. HamiltonStandard, 257 Conn. 1, 14, 776 A.2d 1115 (2001). "[T]he court's discretion should be exercised mindful of the policy preference to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant his day in court. . . . The design of the rules of practice is both to facilitate business and to advance justice; they will be interpreted liberally in any case where it shall be manifest that a strict adherence to them will work surprise or injustice. . . . Rules are a means to justice, and not an end in themselves. . . . Our practice does not favor the termination of proceedings without a determination of the merits of the controversy where that can be brought about with due regard to necessary rules of procedure. . . . Therefore, although dismissal of an action is not an abuse of discretion where a party shows a deliberate, contumacious or unwarranted disregard for the court's authority; Fox v. First Bank, 198 Conn. 34, 39, 501 A.2d 747 (1985); see also Pavlinko v. Yale-New Haven Hospital, supra, 192 Conn. [138,]145 (dismissal proper where party's disobedience intentional, sufficient need for information sought is shown, and disobedient party not inclined to change position); the court should be reluctant to employ the sanction of dismissal except as a last resort. . . . [T]he sanction of dismissal should be imposed only as a last resort, and where it would be the only reasonable remedy available to vindicate the legitimate interests of the other party and the court." (Citations omitted and internal quotation marks omitted.) Millbrook Owners Assoc., Inc. v. Hamilton Standard, supra, 257 Conn. 16-17.
While, as noted, the plaintiffs most recent discovery response, that of October 7, 2002, was served after July 30, 2002, in view of the above-cited decisional law and the procedural history of the case, the court is obligated to consider this supplemental response in determining whether or not its previous order of compliance has been violated in substance and whether a nonsuit is warranted. The court has not been advised that this matter has been assigned a trial date. While the plaintiffs most recent discovery response was late, the defendants have not shown that they have been unduly prejudiced.
Accordingly, at oral argument on November 4, 2002, the court requested the parties to address themselves to the adequacy of the plaintiff's CT Page 14234 discovery responses, including those of October 7, 2002, which the defendants had received almost one month previously. The defendants then outlined for the court the limited areas in which they contend that the discovery responses remain inadequate.[2] The court has reviewed these responses. After review, the court concludes that the responses amount to compliance.
For example, requests for production nos. 2 and 5 requested the plaintiff to produce documents related to the claimed economic losses alleged by the plaintiff, including tax returns for the years 1998 to the present. In response, the plaintiff produced a damages analysis and stated that he did not have tax returns in his possession. He also asked the defendants to provide a tax release form which he offered to sign. These responses are sufficient.
Request for production no. 6 asked the plaintiff to produce estimates, bills, or receipts for the repair of his automobile. He responded by noting that this information was in the possession of an automotive repair business, from which he provided a letter. A party is not obligated to produce documents which are not in his possession, custody or control. See Practice Book § 13-9(a). Similarly, the plaintiff responded to request no. 7, which asked him to identify clients trained by him at World Gym, by stating that the clients were listed in World Gym's appointment book. See id.
As to interrogatory no. 3, the defendants asserted that the responses were inadequate since addresses were not listed for the plaintiffs supervisors at locations at which the plaintiff claims he was employed in the fitness and health industry. Review of the responses, in which several locations are listed, shows that addresses are listed either next to a name in subsection b or in subsection a above. In interrogatory no. 4, the plaintiff was asked to state whether individuals had employed him as a trainer, and, if so, to provide information about such individuals. The answer, that the plaintiff has worked as a trainer at gyms, is responsive to the question. Similarly, in response to interrogatory no. 6, the plaintiff provided a responsive answer to a question about the dates, locations, and individuals present at meetings referred to in the revised complaint.
Finally, interrogatory no. 34 asked the plaintiff to "[s]tate how and in what manner [his] reputation has been injured, including the name and address of each person in whose opinion your reputation has been damaged, as a result of the acts alleged. . . ." In response, the plaintiff listed various individuals, World Gym of Rocky Hill, and "cancelled clients." At oral argument, the plaintiffs counsel represented CT Page 14235 that the plaintiff does not have addresses for these individuals. However, review of the responses to interrogatory no. 27 shows that an address for each individual listed in response to interrogatory 34 is provided there. Also, the plaintiffs counsel stated that he could not explain what was meant by "cancelled clients," and alluded to confidential information in the defendants' possession. If the plaintiff obtains any other responsive information, Practice Book § 13-15
requires him to promptly supplement his prior responses. Also, to the extent that responsive information is not provided, the plaintiff may seek to preclude evidence of the same at trial. See Practice Book §13-14(b)(4).
The response to interrogatory no. 34 could have been more clear. In view of the liberal interpretation which the court is directed to apply, it is not unresponsive with regard to "how and in what manner [his] reputation has been injured." The answer is responsive in that it informs the defense that the plaintiff claims that those listed in the response can show that his reputation has been injured. Also, the responses to interrogatory no. 33 discuss the facts on which he bases his allegation that defamatory statements about his business reputation were made. As noted, the responses to interrogatory 27 provide information about witnesses. Under the circumstances, and in view of the plaintiffs supplemental responses as a whole, a nonsuit is not warranted as a result of the response to interrogatory no. 34.
The court has reconsidered its previous ruling as to the request. For the reason previously stated in its order of August 28. 2002, and for the above stated reasons, the court denies the request for the entry of a nonsuit.
It is so ordered.
BY THE COURT
 ___________________ ROBERT B. SHAPIRO JUDGE OF THE SUPERIOR COURT