# BERCHEM, MOSES AND DEVLIN, P.C. *v.* TOWN OF EAST HAVEN ET AL.
## (AC 33148)

Beach, Alvord and Peters, Js.

Argued November 16, 2011—officially released February 28, 2012

*Michael A. Albis*, for the appellants (defendants).

*Brian W. Smith*, for the appellee (plaintiffs).

PETERS, J. In *Gesmonde, Pietrosimone, Sgrignari, Pinkus & Sachs* v. *Waterbury*, 231 Conn. 745, 750–51, 651 A.2d 1273 (1995), our Supreme Court held that, under appropriate circumstances, a conflict of interest between a municipal commission and the municipality's corporation counsel, who ordinarily would represent the commission, empowers the commission to hire outside counsel for the purpose of representing its interests. The principal issue in this appeal is whether the trial court properly applied *Gesmonde* in holding that the East Haven board of police commissioners had the authority to hire the plaintiff law firm as outside counsel to represent its interests in a dispute with the mayor about the rehiring of an East Haven police officer. We affirm the judgment of the court.

On August 3, 2009, the plaintiff, Berchem, Moses & Devlin, P.C., filed a claim for attorney's fees allegedly owed to the plaintiff by the defendants, the town of East Haven (town) and April Capone Almon, the mayor of East Haven (mayor), for services rendered to the East Haven board of police commissioners (board). The defendants denied any liability and filed a number of special defenses including governmental immunity, qualified immunity, laches, estoppel and a claim that the legal services billed by the plaintiff were unreasonable and outside of the scope of the letter of engagement. Following a trial to the court, the court rendered a judgment in favor of the plaintiff, awarding it damages, prejudgment interest and offer of compromise interest. The defendants have appealed.

The following undisputed facts were found by the court. In 2004, Robert Nappe retired from his position

as an East Haven police officer to serve as a civilian police officer in Iraq. Nappe returned to East Haven in 2005 and applied to the board to be reinstated as a police officer. Making a distinction between resignation and retirement, the board denied his application. Thereafter, Nappe filed a mandamus action seeking an order that the board reinstate him (mandamus action).[1] The board was represented in the mandamus action by Lawrence C. Sgrignari, the town attorney. The court, *A. Robinson, J.*, interpreted General Statutes § 7-294aa[2] to entitle Nappe to reinstatement as an East Haven police officer. Still represented by Sgrignari, the board appealed from that judgment. The board's appeal operated as a stay of the court's order that Nappe be reinstated.

The mayor was elected while the board's appeal was pending. The mayor agreed with the court's decision in the mandamus action and directed James F. Cirillo, Jr., the newly appointed town attorney, to withdraw the town's appeal, which would terminate the stay of the court's order. In response, the board hired the plaintiff law firm as independent counsel to represent its adverse interests.

On April 4, 2008, the plaintiff, on behalf of the board, filed an action in the trial court that sought, inter alia,

---

[1] *Nappe* v. *Police Commissioners*, Superior Court, judicial district of New Haven, Docket No. CV-05-4008609-S, 2007 WL 2200375 (April 16, 2007).

[2] General Statutes § 7-294aa provides, in relevant part: "(a) Any sworn police officer employed by the state or a municipality who takes a leave of absence or resigns from such officer's employment on or after September 11, 2001, to volunteer for participation in international peacekeeping operations, is selected for such participation by a company which the United States Department of State has contracted with to recruit, select, equip and deploy police officers for such peacekeeping operations, and participates in such peacekeeping operations under the supervision of the United Nations, the Organization for Security and Cooperation in Europe or other sponsoring organization, shall be entitled, upon return to the United States, (1) to be restored by such officer's employer to the position of employment held by the officer when the leave commenced . . . ."

an ex parte temporary injunction and a permanent injunction against the defendants (injunction action). On April 7, 2008, the court, *Silbert, J.*, entered an ex parte temporary injunction enjoining the defendants from (1) taking any action to undermine or to interfere with the board's appeal to the Supreme Court, (2) taking any further action to undermine or to usurp the board's decision making authority with regard to the appointment of Nappe as an East Haven police officer or (3) taking any action to hire Nappe as an East Haven police officer without the advance consent and approval of the board. Subsequently, the court narrowed the scope of the injunction to provide that the defendants were enjoined "from taking any action to hire or reinstate Nappe as an East Haven police officer without the advance consent and approval of the [board], pending the Supreme Court's rulings on the issues previously discussed."[3]

Our Supreme Court never had the opportunity to address the merits of Nappe's claim in the mandamus action because, following a change in its membership in May, 2008, the board voted to withdraw its appeal. Nappe thereafter was reinstated to his position as a police officer in accordance with the judgment rendered in the mandamus action.

The plaintiff submitted a bill in the amount of $25,041.18 for legal services rendered to the board in pursuing the injunction action and the appeal from the mandamus action. The mayor refused to authorize payment of the bill, which remains unpaid. In response, the plaintiff instituted the present action seeking payment from the defendants.

The trial court, *Hon. William L. Hadden, Jr.*, judge trial referee, found that there existed a clear conflict

---

[3] *Board of Police Commissioners* v. *East Haven*, Superior Court, judicial district of New Haven, Docket No. CV-08-4030652-S (May 9, 2008).

of interest between the board and the defendants relating to the exercise of powers of appointment, a central responsibility of the board pursuant to the town charter. The court concluded that the board had the implied authority to retain independent counsel pursuant to *Gesmonde, Pietrosimone, Sgrignari, Pinkus & Sachs* v. *Waterbury*, supra, 231 Conn. 750–51, and that the plaintiff was therefore entitled to recover its fees from the defendants.

On appeal to this court, the defendants claim that the court improperly (1) concluded that the plaintiff was entitled to recover attorney's fees and (2) awarded the plaintiff prejudgment and offer of compromise interest. We are not persuaded by either of these claims, and affirm the judgment of the court.

I

The principal focus of the defendants' appeal is their challenge to the propriety of the court's award of attorney's fees to the plaintiff. We are not persuaded.

If there is a direct and obvious conflict of interest between a municipal commission and the corporation counsel who ordinarily would have represented the commission, "the commission [has] the implied authority to hire independent counsel to represent its interests." Id., 751.

In this case, the defendants argue that Nappe's eligibility for reinstatement was a political question, rather than a legal one that called for the expertise of the board, and they question the propriety of the board's decision to *take* an appeal from the mandamus action. The defendants maintain that the conflict between the board and the mayor was transitory in nature. They argue that the attorneys in *Gesmonde* were successful in their pursuit of the matter for which they were

retained and contend that the plaintiff was not. Further, they assert that the plaintiff's claim is not cognizable because the board should have requested funding from the East Haven board of finance.

The court held, however, that the record established the same basis for the board's entitlement to independent counsel as our Supreme Court held to be persuasive in *Gesmonde*. In both cases, a municipal board and a city disagreed about a question of law on a matter entrusted to the authority of the board. In both cases, the question concerned the validity of an appointment decision. In both cases, the city's position was so unequivocal that the board was not obligated formally to request funding from the city.[4] See id., 750–55. A "direct and obvious conflict of interest"; id., 754; therefore existed between the board and the defendants.

We agree, therefore, with the court that, in this case, the board had the authority to hire the plaintiff as its own counsel. The board's pursuit of independent counsel was justified by the importance of the issue of statutory construction on which the board and the mayor

---

[4] Finally, in both cases, the argument advanced by the plaintiff was correct as a matter of law. Although *Gesmonde* establishes no prerequisite of success in the underlying litigation, we note that the force of the defendants' objections to the court's judgment is substantially undermined by the fact that, after the defendants' withdrawal of their appeal from the mandamus action, our Supreme Court had occasion to consider the merits of an appeal closely resembling that which the plaintiff had advised the board to pursue. In *Barton* v. *Bristol*, 291 Conn. 84, 967 A.2d 482 (2009), our Supreme Court granted certification to consider the question of statutory construction that would have governed the board's appeal from the mandamus action. The court held that a police officer who, like Nappe, had retired from police service to participate in an international peacekeeping mission in Iraq, was *not* entitled, under § 7-294aa, to be reinstated to his former position. Id., 97–102. The court concluded that the police officer did not come within the scope of § 7-294aa because he had not resigned; rather, he had retired. Id., 102. *Barton* establishes the propriety of the appellate route that the plaintiff attempted to pursue on behalf of the board and the likelihood that, but for the interference of the mayor, the board would have prevailed on appeal.

significantly disagreed. The matter at issue, which concerned the exercise of powers of appointment, fell within the board's primary jurisdiction. Therefore, "in order for its unique interests to be represented in the underlying dispute the [board] had the implied authority . . . to engage the plaintiff's legal services." Id., 754–55. It follows that, under the circumstances of this case, the court properly awarded attorney's fees to the plaintiff.

## II

The court awarded the plaintiff $31,275.31 in damages, which included $25,041.18 in attorney's fees, $2905.21 in postjudgment interest pursuant to General Statutes § 37-3a and $3310.92 in offer of compromise interest pursuant to General Statutes § 52-192a. Without challenging the calculation of the underlying bill submitted by the plaintiff, the defendants contest the validity of these additional awards.

## A

The defendants maintain that the plaintiff was not entitled to an award of postjudgment interest because (1) its engagement letter made no mention of any potential interest charges on legal fees due to the plaintiff and (2) the board failed to seek appropriate funding from the town to pay for the plaintiff's services. We disagree.

A trial court's decision to award postjudgment interest is subject to review for an abuse of discretion. *Bower* v. *D'Onfro*, 45 Conn. App. 543, 550, 696 A.2d 1285 (1997). Section 37-3a[5] (a) authorizes an award of interest "as

_____

[5] General Statutes § 37-3a provides in relevant part: "(a) Except as provided in sections 37-3b, 37-3c and 52-192a, interest at the rate of ten per cent a year, and no more, may be recovered and allowed in civil actions or arbitration proceedings under chapter 909, including actions to recover money loaned at a greater rate, as damages for the detention of money after it becomes payable. . . ."

damages for the detention of money after it becomes payable."

The defendants' obligation to pay statutory interest depends on whether the defendants refused to pay the plaintiff's bill "without the legal right to do so." (Internal quotation marks omitted.) *Sosin* v. *Sosin*, 300 Conn. 205, 230, 14 A.3d 307 (2011). Under the contentious circumstances of this case, we are persuaded that the court had the authority to make such a determination. The defendants cannot rely on the terms of the engagement letter between the plaintiff and the board because they were not parties to that agreement. With respect to the defendants' claim that the board failed to seek appropriate funding, the town, in its new administration, made it clear that funding for the plaintiff's services would not be forthcoming. The defendants' objections to the court's award of postjudgment interest do not, therefore, suffice to establish an abuse of discretion by the court.

B

The defendants claim that the court improperly awarded the plaintiff offer of compromise interest pursuant to § 52-192a. We disagree.

"The question of whether the trial court properly awarded interest pursuant to § 52-192a is one of law subject to de novo review." *Willow Springs Condominium Assn., Inc.* v. *Seventh BRT Development Corp.*, 245 Conn. 1, 55, 717 A.2d 77 (1998). Section 52-192a[6]

---

[6] General Statutes § 52-192a provides in relevant part: "(c) After trial the court shall examine the record to determine whether the plaintiff made an offer of compromise which the defendant failed to accept. If the court ascertains from the record that the plaintiff has recovered an amount equal to or greater than the sum certain specified in the plaintiff's offer of compromise, the court shall add to the amount so recovered eight per cent annual interest on said amount . . . . The interest shall be computed from the date the complaint in the civil action . . . was filed with the court . . . ."

authorizes an award of interest whenever: "(1) a plaintiff files a valid offer of [compromise] within eighteen months of the filing of the complaint in a civil complaint for money damages; (2) the defendant rejects the offer of [compromise]; and (3) the plaintiff ultimately recovers an amount greater than or equal to the offer of [compromise]." (Internal quotation marks omitted.) Id.

The court found that the plaintiff had filed a timely offer of compromise, which was rejected by the defendants, and that the plaintiff had recovered $1946.39 more than the amount of its compromise offer. Accordingly, it held that the plaintiff was entitled to $3310.92, representing 8 percent annual interest on the amount recovered from the date that the plaintiff's complaint was filed to the date of judgment.

The defendants first object to the court's calculation of offer of compromise interest on the ground that the damages awarded to the plaintiff would not have exceeded the plaintiff's offer of compromise without the addition of the postjudgment interest awarded to the plaintiff pursuant to § 37-3a. In light of our decision to affirm the court's award of postjudgment interest, we find this objection to be unpersuasive.

Alternatively, the defendants maintain that the plaintiff's offer of compromise was fatally defective on its face because, instead of being addressed to "the defendant, the town of East Haven," it was addressed to the "the defendant, CITY OF NEW HAVEN." Although the defendants concede that this may have been a simple clerical error, they maintain that, as a result of the error, "there was no basis for the defendants to determine with certainty from the face of the offer to whom it was being directed." Neither the trial court nor this court is required to find such a contention to be credible.

As a matter of policy, we agree with the plaintiff that the defendants' contention ignores the well established public policy of encouraging pretrial resolution of private disputes. In service of that policy, this court previously has held that a trial court has the authority to award offer of compromise interest where "the plaintiff substantially complied with the statutory requirements and the defendant was in no way disadvantaged by the mere circumstantial defect in the filing of the offer of [compromise]." *Boyles* v. *Preston*, 68 Conn. App. 596, 616, 792 A.2d 878, cert. denied, 261 Conn. 901, 802 A.2d 853 (2002). Applying this principle in *Boyles*, we held that an offer of compromise was not fatally defective even though the document had not been signed by the plaintiff's attorney, the person identified by name therein. Id., 614–16. We are persuaded that this principle is equally applicable to the circumstances of this case, in which the defendants concededly had received actual notice of the plaintiff's offer of compromise.

In sum, we conclude that the court's award of $31,275.31 to the plaintiff was proper. There existed a direct and obvious conflict of interest between the defendants and the board that entitled the board to individual representation of its interests, and the court's awards of postjudgment and offer of compromise interest were proper, pursuant to §§ 37-3a and 52-192a.

The judgment is affirmed.

In this opinion the other judges concurred.