JANIS E. ARENA *v.* SALVATORE J. ARENA
(AC 25442)

Bishop, DiPentima and Gruendel, Js.

Submitted on briefs September 27—officially released November 29, 2005

*Anthony A. Piazza* and *Laura-Ann Simmons* filed a brief for the appellant (plaintiff).

*Louise T. Truax and Mary T. Surette* filed a brief for the appellee (defendant).

DiPENTIMA, J. The plaintiff, Janis E. Arena, appeals from the judgment of the trial court granting the post-judgment motion for modification of alimony and child support filed by the defendant, Salvatore J. Arena. On appeal, the plaintiff claims that the court improperly determined that the defendant had demonstrated a substantial change in circumstances warranting a modification of alimony and child support. We affirm the judgment of the trial court.

The marriage of the plaintiff and the defendant was dissolved on September 9, 1997. The court accepted the parties' separation agreement and incorporated it by reference into the judgment of dissolution. Article III, § 3.1, of the agreement provided that the defendant was to pay the plaintiff 60 percent "of his gross base salary per month" as unallocated alimony and child support. Article III, § 3.3, of the agreement provided that the defendant also was to pay the plaintiff additional periodic alimony of 40 percent "of his annual gross cash compensation paid in excess of his base annual salary so long as his total annual gross cash compensation paid in excess of his base salary does not exceed [$170,000]." Those sections of the agreement also provided that the defendant's payments to the plaintiff were to continue until the death of one of the parties, the plaintiff's remarriage or cohabitation or November 1, 2008, whichever occurs first. Article III, § 3.6, of the agreement provided that "[t]he [defendant's] obligation to pay and the [plaintiff's] entitlement to receive periodic alimony and child support shall both be subject to modification pursuant to [General Statutes §§] 46b-84 and 46b-86 as to amount

only; said alimony and child support shall be non-modifiable as to term. . . . In the event that the [defendant] does not get compensated on a base-salary-plus-bonus basis, the [defendant] shall be entitled [to] a modification of periodic alimony and child support."

On November 19, 2002, the defendant served on the plaintiff an application for an order to show cause and a motion for modification of his alimony and child support obligations, claiming that his financial circumstances had changed substantially. The defendant alleged that he no longer received as much income in bonuses and commissions as he had at the time of the dissolution and instead received more of his income in his base salary. The defendant further alleged that his total income had decreased significantly.

The court held a hearing on the defendant's motion for modification on December 15, 2003. The defendant testified that at the time of the dissolution in 1997, his base salary was $80,000 and his bonus was $120,000. From 1999 to 2003, the defendant changed his employment several times. His base salary fluctuated from $84,000 to $125,000 and his total bonuses and commissions from $20,000 to $47,000. At the time of the hearing, the defendant's base salary was $125,000 and his bonus was $20,000. The court ruled orally that the defendant had demonstrated a substantial change in his financial circumstances. The court then continued the hearing.

In January, 2004, the defendant commenced new employment that provided a base salary of $100,000, a bonus of $28,000 and the possibility of an additional bonus of up to $100,000 based on performance. The hearing resumed on April 13, 2004, and shortly thereafter, the court issued a memorandum of decision in which it reiterated its oral ruling that the defendant had shown a substantial change in his financial circumstances. In subsequently articulating its ruling, the court

explained that the defendant did not receive as much income in bonuses and commissions as he had at the time of the dissolution and instead received more of his income in his base salary. The court also explained that the defendant's total income had decreased and that he had depleted his savings account by $293,590 in order to remain current in his alimony and child support obligations. The court further noted that the plaintiff's assets had increased substantially because she had received cash inheritances after the dissolution. The court ordered the defendant to pay 35 percent of his gross income in unallocated alimony and child support in place of the provisions of article III, §§ 3.1 and 3.3, of the separation agreement. The court made its order modifying the defendant's alimony and child support obligations retroactive to November 19, 2002. The plaintiff then filed this appeal.

"The standard of review in family matters is well settled. An appellate court will not disturb a trial court's orders in domestic relations cases unless the court has abused its discretion or it is found that it could not reasonably conclude as it did, based on the facts presented. . . . In determining whether a trial court has abused its broad discretion in domestic relations matters, we allow every reasonable presumption in favor of the correctness of its action. . . . Appellate review of a trial court's findings of fact is governed by the clearly erroneous standard of review. The trial court's findings are binding upon this court unless they are clearly erroneous in light of the evidence and the pleadings in the record as a whole. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation

marks omitted.) *Lucas* v. *Lucas*, 88 Conn. App. 246, 252, 869 A.2d 239 (2005).

"General Statutes § 46b-86[1] governs the modification or termination of an alimony or support order after the date of a dissolution judgment. . . . A final order for [alimony or] child support may be modified by the trial court upon a showing of a substantial change in the circumstances of either party. . . . The party seeking modification bears the burden of showing the existence of a substantial change in the circumstances." (Citation omitted; internal quotation marks omitted.) *Fish* v. *Igoe*, 83 Conn. App. 398, 406, 849 A.2d 910, cert. denied, 271 Conn. 921, 859 A.2d 577 (2004). "[O]nce the trial court finds a substantial change in circumstances, it can properly consider a motion for modification . . . . After the evidence introduced in support of the substantial change in circumstances establishes the threshold predicate for the trial court's ability to entertain a motion for modification . . . it also naturally comes into play in the trial court's structuring of the modification orders." (Internal quotation marks omitted.) *Spencer* v. *Spencer*, 71 Conn. App. 475, 480, 802 A.2d 215 (2002).

The evidence in the record supports the court's determination that the defendant had shown a substantial change in circumstances warranting a modification of the alimony and child support orders. At the time of the dissolution, the defendant's base salary was $80,000 and his bonus was $120,000. When the court first heard the motion for modification on December 15, 2003, the defendant's base salary was $125,000 and his bonus was $20,000. At that time, the court properly determined

[1] General Statutes § 46b-86 (a) provides in relevant part: "[A]ny final order for the periodic payment of permanent alimony or support or an order for alimony or support pendente lite may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party . . . ."

that the defendant received less of his income in bonuses and commissions and more of his income in his base salary, and that his total income had decreased. Having determined that the defendant had demonstrated a substantial change in his financial circumstances, the court then could consider his motion for modification. The court filed its memorandum of decision on that motion on April 23, 2004. By that time, the defendant had obtained new employment, and his base salary had fallen to $100,000 from $125,000 and his bonus had risen to $28,000 from $20,000. The court did not alter its previous finding of a substantial change in the defendant's financial circumstances because the defendant continued to receive less of his income in bonuses and commissions and more of his income in his base salary. Although the defendant's new employment offered the possibility of an additional bonus of up to $100,000 based on performance, the defendant had not received that additional bonus at the time that the court issued its memorandum of decision. In light of the evidence supporting a substantial change in the defendant's financial circumstances and other evidence concerning the increase in the plaintiff's assets since the dissolution, the court modified the alimony and child support orders pursuant to §§ 46b-84 and 46b-86, as provided in article III, § 3.6, of the separation agreement. We conclude that the court's modification was reasonable and not in abuse of its discretion.

The judgment is affirmed.

In this opinion the other judges concurred.