### JILLIAN C. *v.* WILLIAM C.[1]
### (AC 25842)

Bishop, McLachlan and Pellegrino, Js.

Argued March 31—officially released June 6, 2006

*William C.*, pro se, the appellant (defendant).

*Ceil S. Gersten*, for the appellee (plaintiff).

*Michael K. Conway*, for the minor children's guardian ad litem.

*Opinion*

PER CURIAM. The defendant, William C., appeals from the judgment of the trial court dissolving his mar-

---

[1] In accordance with our policy of protecting the privacy interests of the victims of sexual abuse, we decline to use the parties' full names or to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e.

riage to the plaintiff, Jillian C. On appeal, the defendant claims that the court improperly (1) awarded sole custody of the parties' minor children to the plaintiff and (2) issued certain orders regarding child support and property division. We affirm the judgment of the trial court.

The following facts are relevant to the defendant's appeal. The parties are citizens of the United Kingdom who entered the United States on work visas in 1988 and settled in Connecticut. Although the parties' visas eventually expired, they continued to work in Connecticut and traveled back and forth to the United Kingdom, where they were married on October 1, 1994. Two children were born of the marriage. The plaintiff has worked for a company in Connecticut since 1993, and the defendant has held a variety of jobs, including teacher and soccer coach.

The parties began to experience difficulties in their marriage in 1998. In July, 2000, the defendant decided to move to Rhode Island in order to take a job there. The plaintiff remained in Connecticut with the parties' children and independently purchased a home with her own funds in August, 2002. At that time, the defendant quit his job and moved into the plaintiff's home. On October 4, 2002, the plaintiff reported to the police that the defendant had raped her. The defendant then was arrested and, shortly thereafter, the plaintiff commenced this marital dissolution action.

The court dissolved the parties' marriage on August 5, 2004, and awarded sole custody of their minor children to the plaintiff. The court further ordered that "[t]he plaintiff shall remain the sole owner of her . . . home and the contents therein." Although the court found that the plaintiff improperly had sold a vehicle during the pendency of the dissolution action, the court declined to enter an order regarding the improper sale

because of "the problems that [the plaintiff] has had collecting support for the children from the defendant and [because] for a period of time she [provided] their sole support . . . ."

On September 27, 2004, the defendant filed this appeal from the judgment of dissolution. Subsequently, the jury found the defendant guilty of several offenses, including sexual assault in a spousal relationship, and he presently is serving a total effective sentence of fifteen years incarceration, execution suspended after eight years, followed by fifteen years probation.[2]

"The standard of review in family matters is well settled. An appellate court will not disturb a trial court's orders in domestic relations cases unless the court has abused its discretion or it is found that it could not reasonably conclude as it did, based on the facts presented. . . . In determining whether a trial court has abused its broad discretion in domestic relations matters, we allow every reasonable presumption in favor of the correctness of its action. . . . Appellate review of a trial court's findings of fact is governed by the clearly erroneous standard of review. The trial court's findings are binding upon this court unless they are clearly erroneous in light of the evidence and the pleadings in the record as a whole. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Arena* v. *Arena*, 92 Conn. App. 463, 466, 885 A.2d 765 (2005).

The defendant makes a wholesale attack on the court's orders. He argues, inter alia, that the court

[2] The defendant's appeal from his criminal conviction is pending before this court.

should have (1) awarded him sole custody of the parties' minor children, (2) terminated the plaintiff's parental rights, (3) awarded him one half of the value of the home that the plaintiff had purchased independently with her own funds, (4) prohibited the plaintiff from collecting child support from him because he does not have a valid work visa and (5) ordered the plaintiff to reimburse him for her improper sale of a vehicle during the pendency of this action.[3] In making those arguments, however, the defendant misconstrues our role as a reviewing court. We will not second-guess the factual findings that undergird the court's orders regarding child custody, support and property division. After a careful review of the record and briefs, we conclude that the court's factual findings were not clearly erroneous and that the defendant has not demonstrated that the court abused its discretion or reached unreasonable conclusions on the basis of the facts presented. We therefore decline to disturb the court's orders.

The judgment is affirmed.

---

[3] The defendant also states that he is aware of evidence that certain witnesses committed perjury during the dissolution trial. It is not our role, however, to evaluate allegations of perjury.