HENRIK AARESTRUP *v.* JULIE M.
HARWOOD-AARESTRUP
(AC 27117)

Bishop, McLachlan and West, Js.

Argued January 9—officially released June 26, 2007

*Kenneth M. Potash*, for the appellant (defendant).

*Cynthia Hartwell*, for the appellee (plaintiff).

*Santa Mendoza*, for the appellees (intervenor Antik & Lamper et al.).

*Opinion*

WEST, J. The defendant, Julie M. Harwood-Aarestrup, appeals from the judgment of the trial court dissolving her marriage to the plaintiff, Henrik Aarestrup. On appeal, the defendant claims that the court, in making its financial orders, improperly (1) determined that the plaintiff did not own certain property in his possession and (2) disallowed certain testimony that would have been relevant. We affirm the judgment of the trial court.

The plaintiff and the defendant married on October 7, 1996, and lived in California, where the plaintiff owned a Scandinavian antiques business. The parties moved to Connecticut in September, 1999, and rented property in Sharon. That property contained space for the plaintiff's business and an apartment in which the parties resided. On May 10, 2004, the plaintiff filed a complaint seeking dissolution of the marriage. Thereafter, seven antiques

dealers from Denmark and Sweden successfully moved to intervene in the dissolution action. Those seven intervenors had entered into consignment agreements with the plaintiff and claimed to own all of his business inventory. When the court held the dissolution trial, however, the intervenors decided not to attend. Instead, they moved to withdraw from the dissolution action and filed a separate replevin action against the plaintiff. The court then denied the intervenors' motion to withdraw and defaulted them for failure to appear. In rendering its judgment of dissolution, the court determined that the plaintiff did not own his inventory, and, therefore, it was not subject to equitable distribution pursuant to General Statutes § 46b-81.[1] The court ordered the inventory released to the intervenors upon payment of a $5000 fine, which previously had been imposed because one of the intervenors had moved the inventory without the court's permission. The defendant then filed this appeal.[2]

I

The defendant first claims that the court improperly determined that the plaintiff did not own his inventory. We disagree.

[1] General Statutes § 46b-81 (a) provides in relevant part: "At the time of entering a decree annulling or dissolving a marriage or for legal separation pursuant to a complaint under section 46b-45, the Superior Court may assign to either the husband or wife all or any part of the estate of the other. . . ."

[2] The intervenors have filed a brief in this appeal in which they agree with the plaintiff that the court properly determined that he did not own his inventory. The intervenors also claim, however, that the court improperly (1) denied their motion to withdraw from the dissolution action and (2) defaulted them for failure to appear. Those claims are not properly before us because the intervenors failed to file a cross appeal in accordance with Practice Book § 61-8. "If an appellee wishes to change the judgment in any way, the party must file a cross appeal." (Internal quotation marks omitted.) *Mitchell* v. *Silverstein*, 67 Conn. App. 58, 60 n.5, 787 A.2d 20 (2001), cert. denied, 259 Conn. 931, 793 A.2d 1085 (2002). We therefore decline to address the intervenors' claims.

"The standard of review in family matters is well settled. An appellate court will not disturb a trial court's orders in domestic relations cases unless the court has abused its discretion or it is found that it could not reasonably conclude as it did, based on the facts presented. . . . In determining whether a trial court has abused its broad discretion in domestic relations matters, we allow every reasonable presumption in favor of the correctness of its action. . . . Appellate review of a trial court's findings of fact is governed by the clearly erroneous standard of review. The trial court's findings are binding upon this court unless they are clearly erroneous in light of the evidence and the pleadings in the record as a whole. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Jillian C.* v. *William C.*, 95 Conn. App. 841, 843, 899 A.2d 71 (2006).

There is ample evidence in the record to support the court's finding that the plaintiff did not own his inventory. The intervenors each submitted a sworn affidavit stating that the plaintiff was in possession of certain antiques pursuant to a consignment agreement. The intervenors also produced invoices for those antiques indicating that the intervenors had shipped the antiques to the plaintiff on a consignment basis. Although the defendant rebutted that evidence with her own testimony that the plaintiff owned his inventory, the defendant had only limited knowledge of the plaintiff's business dealings. We conclude that the court's finding regarding the ownership of the plaintiff's inventory was not clearly erroneous.

## II

The defendant next claims that the court improperly disallowed certain testimony that would have been relevant in making the financial orders. We disagree.

The defendant directs us to the testimony of the plaintiff's companion, Pauline Koinis, an antiques dealer, regarding two public auctions that she attended with the plaintiff. Those auctions included certain antiques from the plaintiff's inventory. The defendant's theory was that Koinis purchased those antiques on behalf of the plaintiff's friends, who then planned to sell the antiques back to him. The defendant asked Koinis to testify as to the names of the clients for whom she had purchased antiques at the two auctions. When the plaintiff objected to that question, the defendant argued that the names of Koinis' clients were relevant, but the defendant did not make a formal offer of proof as to whether those clients actually were the plaintiff's friends. The court then sustained the plaintiff's objection, ruling that the names of Koinis' clients were not relevant. The court permitted the defendant to ask Koinis whether she had purchased any antiques at the two auctions on the plaintiff's behalf or at his direction. The defendant now argues that eliciting the names of Koinis' clients would have helped to establish the theory that Koinis was colluding with the plaintiff's friends to hide assets from the defendant.

"Relevant evidence is evidence that has a logical tendency to aid the trier in the determination of an issue. . . . All that is required is that the evidence tend to support a relevant fact even to a slight degree, so long as it is not prejudicial or merely cumulative." (Internal quotation marks omitted.) *Jewett* v. *Jewett*, 265 Conn. 669, 679–80, 830 A.2d 193 (2003). "Evidence is too speculative if the record makes it clear that there was no

basis for finding that the testimony would bear on relevant facts." (Internal quotation marks omitted.) *Harrison* v. *Hamzi*, 77 Conn. App. 510, 516, 823 A.2d 446, cert. denied, 266 Conn. 905, 832 A.2d 69 (2003).

We conclude that the court properly determined that the names of Koinis' clients were not relevant. The defendant failed to develop her offer of proof in order to move her theory of collusion outside the realm of speculation. Even if Koinis' clients were the plaintiff's friends, that information alone would not have tended to prove the defendant's theory of collusion. There is a significant difference between showing that Koinis purchased antiques for the plaintiff's friends at public auctions and showing that there was a secret agreement to hide assets from the defendant. The defendant failed to produce any evidence in support of the existence of such an agreement. We therefore reject the defendant's claim.

The judgment is affirmed.

In this opinion the other judges concurred.