NANCY T. WEINSTEIN *v.* LUKE A. WEINSTEIN
(AC 31681)

Harper, Lavine and McDonald, Js.

Argued November 16, 2010—officially released May 10, 2011

*Luke A. Weinstein,* pro se, the appellant (defendant).

*Nancy T. Weinstein,* pro se, the appellee (plaintiff).

*Opinion*

HARPER, J. The defendant, Luke A. Weinstein, appeals from the judgment of the trial court denying his motion to modify the amount of child support he pays to the plaintiff, Nancy T. Weinstein. The defendant claims that the trial court improperly determined that the change in the financial circumstances of the parties did not warrant a modification of the child support order. Specifically, the defendant claims that because (1) the plaintiff's net assets increased substantially, (2) the cost of the child's education, which is paid for by the defendant, increased substantially and (3) the child is living with the defendant, the court improperly declined to modify the child support order. We disagree and affirm the judgment of the trial court.

The following facts are relevant to our resolution of this appeal. The parties' marriage was dissolved on May 12, 1998. Relevant to the current appeal is the child support order entered by the court, *Abery-Wetstone, J.,* on August 23, 2005. Pursuant to that child support order, the defendant is required to pay the plaintiff $52 per week in child support, which was a deviation from the child support guidelines as provided by § 46b-215a-3

(b) of the Regulations of Connecticut State Agencies.[1] See General Statutes § 46b-215a. Judge Abery-Wetstone found that the deviation was appropriate because the "deviation would enhance the lower income parent's ability to foster a relationship with the child, and sufficient funds remain for the parent paying support to meet the basic needs of the child after deviation." On April 8, 2009, the defendant filed a motion to modify the August 23, 2005 child support order. The court, *M. Taylor, J.*, denied the defendant's motion to modify in a memorandum of decision dated August 7, 2009. This appeal followed. Additional facts will be set forth as necessary.

We begin by setting forth our well settled standard of review in domestic relations cases. "An appellate court will not disturb a trial court's orders in domestic relations cases unless the court has abused its discretion or it is found that it could not reasonably conclude as it did, based on the facts presented. . . . In determining whether a trial court has abused its broad discretion in domestic relations matters, we allow every reasonable presumption in favor of the correctness of its action. . . . Thus, unless the trial court applied the wrong standard of law, its decision is accorded great deference because the trial court is in an advantageous position to assess the personal factors so significant in domestic relations cases . . . ." (Citation omitted; internal quotation marks omitted.) *Doody* v. *Doody*, 99 Conn. App. 512, 516, 914 A.2d 1058 (2007).

---

[1] Section 46b-215a-3 (b) (6) (B) of the Regulations of Connecticut State Agencies provides: "Extraordinary disparity in parental income. When the custodial parent has high income, resulting in an extraordinary disparity between the parents' net incomes, it may be appropriate to deviate from presumptive support amounts if: (i) such deviation would enhance the lower income parent's ability to foster a relationship with the child; and (ii) sufficient funds remain for the parent receiving support to meet the basic needs of the child after deviation."

With respect to the factual predicates on which Judge Taylor based his decision on the motion for modification, our standard of review is well settled. "Appellate review of a trial court's findings of fact is governed by the clearly erroneous standard of review. The trial court's findings are binding upon this court unless they are clearly erroneous in light of the evidence and the pleadings in the record as a whole. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Arena* v. *Arena*, 92 Conn. App. 463, 466, 885 A.2d 765 (2005).

"General Statutes § 46b-86 governs the modification of a child support order after the date of a dissolution judgment. . . . Section 46b-86 (a) permits the court to modify child support orders in two alternative circumstances. Pursuant to this statute, a court may not modify a child support order unless there is first either (1) a showing of a substantial change in the circumstances of either party or (2) a showing that the final order for child support substantially deviates from the child support guidelines . . . . Both the substantial change of circumstances and the substantial deviation from child support guidelines' provision establish the authority of the trial court to modify existing child support orders to respond to changed economic conditions. The first allows the court to modify a support order when the financial circumstances of the individual parties have changed, regardless of their prior contemplation of such changes. The second allows the court to modify child support orders that were once deemed appropriate but no longer seem equitable in the light of changed social or economic circumstances in the society as a whole . . . ." (Citations omitted; internal quotation marks omitted.) *Weinstein* v. *Weinstein*, 104

Conn. App. 482, 491–92, 934 A.2d 306 (2007), cert. denied, 285 Conn. 911, 943 A.2d 472 (2008). "Trial courts have broad discretion in deciding motions for modification." *DiStefano* v. *DiStefano*, 67 Conn. App. 628, 632, 787 A.2d 675 (2002).

Although § 46b-86 (a) allows a court to modify a child support order when the order substantially deviates from the child support guidelines, "once the court enters an order of child support that substantially deviates from the guidelines, and makes a specific finding that the application of the amount contained in the guidelines would be inequitable or inappropriate, as determined by the application of the deviation criteria established in the guidelines, that particular order is no longer modifiable solely on the ground that it substantially deviates from the guidelines." *McHugh* v. *McHugh*, 27 Conn. App. 724, 728–29, 609 A.2d 250 (1992).

When presented with a motion to modify child support orders on the basis of a substantial change in circumstances, "a court must first determine whether there has been a substantial change in the financial circumstances of one or both of the parties. . . . Second, if the court finds a substantial change in circumstances, it may properly consider the motion and . . . make an order for modification. . . . A party moving for a modification of a child support order must clearly and definitely establish the occurrence of a substantial change in circumstances of either party that makes the continuation of the prior order unfair and improper." (Citation omitted; internal quotation marks omitted.) *Weinstein* v. *Weinstein*, supra, 104 Conn. App. 492.

In ruling on the defendant's motion to modify child support, Judge Taylor found that in the time since the 2005 child support order, the plaintiff's net weekly income had increased by $98. Additionally, the court

found that the defendant's weekly income had increased by $533 since the 2005 child support orders were entered. The court also found that the educational expenses of the child, paid by the defendant, had increased by $13,000 per year. The defendant claims that, in light of the court's findings regarding the changes in the financial circumstances of the parties, the court improperly denied the defendant's motion to modify the 2005 child support order.

Regarding the first basis for a modification of the child support order under § 46b-86 (a), the court concluded that there was substantial evidence that the income of both parties had increased. After calculating the amount of child support by applying the deviation from the guidelines to the parties' changed financial circumstances, however, the court found that a modification would result in only a $5.25 per week decrease in the defendant's child support payment. The court concluded that "[u]nder these circumstances, it is not unfair or improper to continue the existing order when the modification would result in a $5.25 or a 10 percent change in [the defendant's] weekly child support obligation, especially in light of his gross weekly income of $2480." Thus, the court found that although there was a substantial change in the circumstances of the parties, continuation of the child support order would not be unfair or improper.

Regarding the second basis for a modification under § 46b-86 (a), substantial deviation from the guidelines, the court found that, despite the changes in the value of the parties' assets, "the remaining social and economic circumstances [of the parties are] as true today as they were when Judge Abery-Wetstone made the same determination in 2005 and deviated from the guidelines. The income disparity of the parties remains essentially the same. The custody and access orders remain essentially the same. Finally, a deviation will continue to enhance

[the plaintiff's] ability to foster a relationship with the child and sufficient funds remain for [the defendant] to meet the basic needs of the minor child." As such, the court concluded that the application of the guidelines continued to be inequitable and maintained the previously ordered deviation from the child support guidelines.

On appeal, the defendant has reiterated the arguments made before the trial court that formed the basis for his motion for modification of the child support order. "This court . . . may not retry a case. . . . The factfinding function is vested in the trial court with its unique opportunity to view the evidence presented in a totality of circumstances . . . ." (Internal quotation marks omitted.) *Doody* v. *Doody*, supra, 99 Conn. App. 516. After a thorough review of the record, we conclude that the court did not abuse its discretion in denying the defendant's motion for modification of the child support order. The facts in the record support the court's findings that a deviation from the guidelines remained equitable and that, despite the change in circumstances of the parties, continuation of the prior child support order was not unfair or improper.

The judgment is affirmed.

In this opinion the other judges concurred.