JOSEPH DISTEFANO *v.* RENEE DISTEFANO
(AC 21399)

Schaller, Mihalakos and O'Connell, Js.

Submitted on briefs September 12, 2001—officially released January 15, 2002

*Allan Scott Pickel* and *Laura-Ann Simmons* filed a brief for the appellant (plaintiff).

*Thomas M. Shanley* filed a brief for the appellee (defendant).

*Opinion*

O'CONNELL, J. The plaintiff, Joseph DiStefano, appeals from the judgment of the trial court denying his motion for modification or termination of periodic alimony. The plaintiff claims that the court improperly (1) refused to grant his request for a continuance when the defendant and her alleged cohabitant failed to produce subpoenaed documents, and (2) denied the plaintiff's motion for termination or modification of periodic alimony. We affirm the judgment of the trial court.

The following facts and procedural history are relevant. The court dissolved the parties' marriage on October 14, 1998. The judgment of dissolution incorporated by reference an agreement that the plaintiff would pay alimony to the defendant, Renee DiStefano, in the amount of $1505.60 per month, to terminate upon the

death of either party, remarriage of the defendant or cohabitation of the defendant "pursuant to statute,"[1] whichever should occur first.

On September 7, 2000, the plaintiff filed a motion to modify or terminate the alimony payments, alleging that the defendant was cohabitating with another person. On the Friday prior to the Monday hearing date, without having made any previous requests for discovery, the plaintiff served two subpoenas duces tecum upon the defendant and her cohabitant for a voluminous quantity of documents. On September 18, 2000, the scheduled hearing date, the defendant requested a continuance, which the court granted, to October 2, 2000. During the hearing on October 2, the defendant and the alleged cohabitant testified that the cohabitant had been living in the defendant's basement for the past three months and had moved his possessions to that basement.[2] At the close of testimony, the plaintiff asked the court for a continuance because neither the defendant nor her cohabitant had produced all the documents listed in the subpoenas duces tecum. The request was denied.

Following the hearing on October 2, 2000, the court denied the plaintiff's motion, finding that, although the plaintiff had proven that the defendant was cohabitating with another person, he had not satisfied the additional requirement of proving that there was an alteration of the defendant's financial needs. This appeal followed.

---

[1] The statute governing the alteration or termination of alimony is General Statutes § 46b-86 (b), which provides in relevant part: "In an action for . . . dissolution of marriage . . . in which a final judgment has been entered providing for the payment of periodic alimony . . . the Superior Court may . . . modify such judgment . . . upon a showing that the party receiving the periodic alimony is living with another person . . . [and] the living arrangements cause such a change of circumstances as to alter the financial needs of that party."

[2] The defendant and the cohabitant both testified that the defendant allowed the cohabitant to reside in the defendant's basement, at no charge to the cohabitant.

I

The plaintiff first claims that the trial court improperly denied his request for a continuance of the October 2, 2000 hearing because neither the defendant nor her cohabitant had produced all the documents requested in response to the subpoenas duces tecum served upon them. We are not persuaded.

"A trial court holds broad discretion in granting or denying a motion for a continuance. Appellate review of a trial court's denial of a motion for a continuance is governed by an abuse of discretion standard that, although not unreviewable, affords the trial court broad discretion in matters of continuances. . . . An abuse of discretion must be proven by the appellant by showing that the denial of the continuance was unreasonable or arbitrary." (Citation omitted; internal quotation marks omitted.) *Hyllen-Davey* v. *Plan & Zoning Commission*, 57 Conn. App. 589, 599–600, 749 A.2d 682, cert. denied, 253 Conn. 926, 754 A.2d 796 (2000).

In this case, the trial court clearly articulated at the October 2, 2000 hearing its reasons for denying the requested continuance. The court noted that the defendant's cohabitant was present in court on September 18, 2000, and, thus, the plaintiff had the opportunity then to ask him why he had not complied with the subpoena and when the documents would be forthcoming. Addressing the plaintiff, the trial court stated that "when you start your hearing, you are supposed to have everything that you want, ready to go unless there's surprise, and there's been no surprise here, as you could have found out any of this material ahead of time." Under these circumstances, we conclude that the trial court did not abuse its discretion in denying the plaintiff's request for a continuance.

## II

The plaintiff also claims that the trial court improperly denied his motion to modify or terminate the alimony payments. We are not persuaded.

Our standard of review of the trial court's decision regarding the plaintiff's motion is well settled. "A trial court is in an advantageous position to assess the personal factors so significant in domestic relations cases, and its orders in such cases will not be reversed unless its findings have no reasonable basis in fact or it has abused its discretion, or unless, in the exercise of such discretion, it applies the wrong standard of law. See *Borkowski* v. *Borkowski*, 228 Conn. 729, 739–40, 638 A.2d 1060 (1994); see also *Fahy* v. *Fahy*, 227 Conn. 505, 517, 630 A.2d 1328 (1993); *McGuinness* v. *McGuinness*, 185 Conn. 7, 13, 440 A.2d 804 (1981). [W]e do not review the evidence to determine whether a conclusion different from the one reached could have been reached. . . . *Meehan* v. *Meehan*, 40 Conn. App. 107, 110, 669 A.2d 616, cert. denied, 236 Conn. 915, 673 A.2d 1142 (1996). Trial courts have broad discretion in deciding motions for modification. *Noce* v. *Noce*, 181 Conn. 145, 149, 434 A.2d 345 (1980). . . . *Shearn* v. *Shearn*, 50 Conn. App. 225, 227, 717 A.2d 793 (1998)." (Internal quotation marks omitted.) *Grosso* v. *Grosso*, 59 Conn. App. 628, 630–31, 758 A.2d 367, cert. denied, 254 Conn. 938, 761 A.2d 761 (2000).

In *DeMaria* v. *DeMaria*, 247 Conn. 715, 724 A.2d 1088 (1999), our Supreme Court recently addressed the issue raised in this case, namely, the burden of proof on a party seeking to have an alimony award modified on the basis of cohabitation. In reviewing the applicable statute, our Supreme Court stated: "Section 46b-86 (b) was an express grant of authority to modify or terminate alimony 'upon [a] showing that the receiving party is living with another person and that such living arrange-

ments result in a change of circumstances that *alter the financial needs of such party.*' 20 S. Proc., Pt. 7, 1977 Sess., p. 2793, remarks of Senator Salvatore DePiano." (Emphasis added.) *DeMaria* v. *DeMaria*, supra, 722.

In accordance with General Statutes § 46b-86 (b) and the holding in *DeMaria*, before the payment of alimony can be modified or terminated, two requirements must be established. First, it must be shown that the party receiving the alimony is cohabitating with another individual. If it is proven that there is cohabitation, the party seeking to alter the terms of the alimony payments must then establish that the recipient's financial needs have been altered as a result of the cohabitation. "Because, however 'living with another' person without financial benefit did not establish sufficient reason to refashion an award of alimony under General Statutes § 46b-81, the legislature imposed the additional requirement that the party making alimony payments prove that the living arrangement has resulted in a change in circumstances that alters the financial needs of the alimony recipient. Therefore, this additional requirement, in effect, serves as a limitation. Pursuant to § 46b-86 (b), the nonmarital union must be one with attendant financial consequences before the trial court may alter an award of alimony." *DeMaria* v. *DeMaria*, supra, 247 Conn. 720.

In this case, our review of the transcript discloses no evidence of any financial impact upon the defendant because of the alleged cohabitation. Thus, although the plaintiff established that the defendant was cohabiting with another person, the trial court did not abuse its discretion in determining that the plaintiff failed to show that the defendant's cohabitation altered her financial need.

The judgment is affirmed.

In this opinion the other judges concurred.