DEBRA A. MARSHALL ET AL. *v.* GENEVIEVE MARSHALL, EXECUTRIX (ESTATE OF RAYMOND L. MARSHALL), ET AL.
(AC 21945)

DEBRA A. MARSHALL *v.* GENEVIEVE MARSHALL, EXECUTRIX (ESTATE OF RAYMOND L. MARSHALL), ET AL.
(AC 21948)

Schaller, Dranginis and Hennessy, Js.

Submitted on briefs February 28—officially released August 13, 2002

*Debra A. Marshall*, pro se, the appellant (named plaintiff in both cases), filed a brief.

*Amy M. Stone* and *Frank N. Eppinger* filed a brief for the appellee (named defendant in both cases).

### Opinion

SCHALLER, J. The plaintiff Debra A. Marshall,[1] the decedent's daughter by a prior marriage, appeals from the judgments of the trial court concerning two separate appeals from decrees of the Probate Court for the district of Ledyard with respect to the will of the decedent,

---

[1] Susan E. Marshall also is a plaintiff in the appeal from probate that is the subject of AC 21945. Because only Debra A. Marshall has appealed from the judgments of the trial court, we refer in this opinion to her as the plaintiff.

Raymond L. Marshall. The defendant Genevieve Marshall[2] is the decedent's wife, whom he named the executrix of his estate in his last will and testament. On appeal AC 21948, the plaintiff claims that the court (1) deprived her of due process of law by failing to hold an evidentiary hearing to determine whether her attorney had engaged in misconduct in having her first probate appeal stricken from the jury docket, (2) improperly denied her motion to restore the probate appeal to the jury docket, and (3) improperly denied the motion that she and the plaintiff Susan E. Marshall, the decedent's niece, had filed seeking a continuance to obtain a new attorney. We affirm the judgments of the trial court.

The following facts are relevant to our resolution of the plaintiff's appeal. Upon the death of Raymond Marshall, the Probate Court admitted his will to probate and approved the defendant as executrix of his estate. The plaintiff appealed to the Superior Court from that decree and on November 1, 1996, claimed the case for a jury trial. In her appeal, the plaintiff contested the will, arguing that the defendant had unduly influenced the decedent and that this influence resulted in a will that did not accurately reflect his wishes. The plaintiff also objected to the defendant's appointment as executrix and asserted that the defendant should not be named executrix because she had filed a criminal complaint against the decedent as a result of an incident that is not germane to the present appeal.

In addition to his will, Raymond Marshall also had executed a general power of attorney to Susan Marshall. The Probate Court, however, determined that the power of attorney was partially invalid. The Probate Court found the power of attorney valid only for the limited purpose of allowing Susan Marshall to raise funds to

---

[2] We refer in this opinion to the named defendant executrix as the defendant.

provide an attorney for the decedent prior to this death. Thereafter, the plaintiffs appealed to the Superior Court from that decision, which is the subject of AC 21945. The trial court consolidated the two appeals from probate on May 1, 1998, and the matter was placed on the complex litigation docket.

Subsequently, in the fall of 2000 and after the plaintiff's attorney was granted permission to withdraw from the first appeal from probate, the plaintiff learned that her attorney had withdrawn the case from the jury docket on April 14, 1998, without her permission and knowledge. After discovering that the case no longer was going to be tried to the jury, the plaintiff protested that situation to the court at a status conference on March 9, 2001, prior to trial.[3] At the same conference, she also requested a continuance to obtain a new attorney. The court denied the request for a continuance. On the day of trial, both plaintiffs, appearing without counsel, filed a motion seeking (1) to have restored to the jury docket the plaintiff's appeal from the decision to admit the will to probate and approving the defendant as executrix, and (2) a continuance for the purpose of obtaining counsel. The court denied the motion and proceeded with the appeal.

Thereafter, in the first appeal from probate, the court upheld the order of the Probate Court admitting the will to probate and approving the defendant as executrix of the estate. In the second appeal from probate, the court upheld the order of the Probate Court that denied, in part, the accounting of Susan Marshall. The plaintiff thereafter filed separate appeals to this court, which we consolidated. Additional facts will be set forth as needed.

---

[3] It appears from the transcript that despite her general protestations, the plaintiff, at the time of the status conference, did not file any specific motion with regard to the case having been stricken from the jury docket.

## I

The plaintiff first claims that the court deprived her of her right to due process when it failed to hold an evidentiary hearing to determine whether her attorney had engaged in misconduct in withdrawing the first appeal from probate from the jury docket.

At the outset, we must first address a jurisdictional issue that is implicit in the plaintiff's claim. Specifically, we must determine whether the court had jurisdiction to hold such an evidentiary hearing. Because we determine that the court did not have jurisdiction to hold the evidentiary hearing, the claim must fail.

We first note the standard of review applicable to that issue and the relevant law. "The determination of whether subject matter jurisdiction exists is a question of law and, thus, our review is plenary." *Hultman* v. *Blumenthal,* 67 Conn. App. 613, 615, 787 A.2d 666, cert. denied, 259 Conn. 929, 793 A.2d 253 (2002). Furthermore, with regard to appeals from probate, our case law states that "[a]n appeal from a probate order or decree to the Superior Court is not a civil cause of action. It has no more of the ordinary attributes of a civil action than the original proceedings in the court of probate. . . . [A]ppeals from probate are not civil actions because it has always been held that the Superior Court, while hearing appeals from probate, sits as a court of probate and not as a constitutional court of general or common-law jurisdiction. It tries the questions presented to it de novo, but in so doing it is . . . exercising a special and limited jurisdiction conferred on it by the statute authorizing appeals from probate. . . .

"In a probate appeal, the Superior Court cannot consider events that occurred after the issuance of the order or decree appealed from. . . . The appeal brings to the Superior Court only the order appealed from.

The order remains intact until modified by a judgment of the Superior Court after a hearing de novo on the issues presented for review by the reasons of appeal. . . . The Superior Court may not consider or adjudicate issues beyond the scope of those proper for determination by the order or decree attacked. . . . Inasmuch as the motion for the appeal is made in the Court of Probate and forms a part of the proceedings in that court, no amendment to it may be made in the Superior Court. The Superior Court, therefore, cannot enlarge the scope of the appeal." (Citations omitted; internal quotation marks omitted.) *Silverstein's Appeal from Probate*, 13 Conn. App. 45, 53–54, 534 A.2d 1223 (1987).

"In a probate appeal . . . the Superior Court's jurisdiction is statutory and limited to the order appealed from. The issues presented for review are those defined in the reasons of appeal. The Superior Court cannot consider or adjudicate issues beyond the scope of those proper for determination by the order or decree attacked. This is so even with the consent of the parties to the appeal because the court has subject matter jurisdiction limited only to the order or decree appealed from." Id., 58.

In the present case, the plaintiff requested that the court hold an evidentiary hearing to determine whether her attorney had engaged in misconduct in withdrawing her case from the jury docket without her consent or knowledge. In accordance with the jurisdictional test previously set forth, however, we conclude for two reasons that the trial court did not have jurisdiction to consider that issue, and, therefore, could not properly hold such a hearing. First, the court did not have jurisdiction to hold the hearing because the misconduct issue arose after the issuance of the decree from which the appeal was brought. Specifically, counsel withdrew the case from the jury docket in April, 1998, well after the Probate Court had issued its decree. Therefore,

the question of whether her attorney had engaged in misconduct arose subsequent to the issuance of the probate order. The court in this case could not entertain that issue because, in accordance with *Silverstein's Appeal from Probate*, it could not consider events that occurred after the issuance of the order from which the appeal was brought.

Second, the court did not have jurisdiction to hold the hearing because the issue of whether counsel had engaged in misconduct went well beyond the subject of the appeal. Specifically, the plaintiff appealed from the admission of the will to probate and the approval of the defendant as executrix. As a result, those issues defined the scope of the Superior Court's jurisdiction. The issue of whether counsel committed misconduct by withdrawing the case from the jury docket was in no way related to the subjects of the appeal. The court, therefore, had no jurisdiction to consider this issue. As stated in *Silverstein's Appeal from Probate*, the Superior Court cannot consider or adjudicate issues beyond those related to the decree attacked in the appeal because an appeal from probate brings only the order appealed from to the Superior Court.

Because we conclude that the court did not have jurisdiction to consider whether the plaintiff's attorney had committed misconduct, she cannot prevail on her claim that the failure to hold an evidentiary hearing on this matter denied her due process of law.

## II

The plaintiff's second claim is that the court improperly denied her motion to restore the first appeal from probate to the jury docket. She argues that the court should have restored the case to the jury docket because her attorney removed the case without her knowledge or permission and that it was not her intention to waive her right to a jury trial.

At the outset, we note that we review the court's decision to restore a case to the jury docket under an abuse of discretion standard. *Sicaras* v. *Hartford*, 44 Conn. App. 771, 779, 692 A.2d 1290 ("whether a case should be restored to the docket is one of judicial discretion"), cert. denied, 241 Conn. 916, 696 A.2d 340 (1997). We further note, as a preliminary matter, that the plaintiff states in her brief that her right to a jury trial was "violated" and that the court's refusal to restore the case to the jury docket "deprived" her of that right. Despite the plaintiff's focus on her right to a jury trial, our review of the procedural history leads us to conclude that the plaintiff's right to a jury trial was not violated nor was she deprived of that statutory right. Specifically, it is undisputed that the plaintiff claimed her appeal from the probate decree to the jury docket as she was entitled to do pursuant to General Statutes § 52-215.[4] The case then was placed on the jury docket in accordance with the plaintiff's request. Having been so placed, we conclude that the plaintiff's right was not violated and that she was in no way deprived of her right to have the case tried to a jury. Instead, she was provided the full benefit of the statute.

When viewed in that light, it is evident that the genesis of the plaintiff's problem is not rooted in the exercise of her right under § 52-215, but rather in her attorney's decision to withdraw the case from the jury docket. The pertinent issue, therefore, is whether it was improper for the court to refuse to restore the case to the jury docket after it had been withdrawn by her attorney.

---

[4] General Statutes § 52-215 provides in relevant part: "In the Superior Court a docket shall be kept of all cases. In such docket immediately following the names of the parties and their attorneys in all jury cases shall be entered the word 'jury'. The following-named classes of cases shall be entered in the docket as jury cases upon the written request of either party made to the clerk within thirty days after the return day: Appeals from probate involving the validity of a will or paper purporting to be such . . . ."

We conclude that it was not improper for the court to refuse to restore the case to the jury docket under those circumstances. We reach that conclusion because "[t]he general rule is that parties are bound by the procedural acts of their counsel. . . . An attorney of record has implied authority to do everything necessary in the course of an action and his acts are binding upon the client." (Citations omitted.) *Shuster* v. *Buckley,* 5 Conn. App. 473, 479, 500 A.2d 240 (1985). Given that rule and the fact that attorneys make many procedural decisions on a daily basis that are binding on their clients, we cannot conclude that the court abused its discretion in refusing to restore the case to the jury docket once it had been withdrawn therefrom by counsel of record.

Moreover, the court's decision cannot be construed as an abuse of discretion given the context and procedural history of this case. Specifically, the plaintiff discovered that her case had been withdrawn from the jury docket sometime in the fall of 2000, but she did not file a motion to restore the case to the jury docket until the first day of trial, April 24, 2001. Because she was aware of that situation for roughly seven months and could have acted on it at the status conference or at any time prior to the start of the trial, the court did not abuse its discretion in denying her motion on the first day of the trial.[5] In addition, the court's decision was not an abuse of discretion because it had to consider the fact that the plaintiff's motion on the first day of trial, if granted, would have significantly delayed the trial and disrupted the court's trial calendar. This case was on the complex litigation docket, and as the court informed the plaintiffs when it also ruled on the motion for a continuance on the first day of trial, the trial docket

---

[5] As noted in footnote 3, the plaintiff protested the situation to the court at the March 9, 2001 status conference, but did not file a motion for restoration at that time.

had been scheduled two years in advance. In light of those factors, we cannot conclude that the court's decision was an abuse of discretion.

Despite the plaintiff's claimed lack of knowledge or consent, her attorney's actions were binding on her, and it was within the court's discretion to decline to restore the case to the jury docket.[6]

### III

The plaintiffs' last claim is that the court improperly denied her motion for a continuance on the first day of trial, which she filed so that she could obtain a new attorney.

At the outset, we note our standard of review. "A trial court holds broad discretion in granting or denying a motion for a continuance. Appellate review of a trial court's denial of a motion for a continuance is governed by an abuse of discretion standard that, although not unreviewable, affords the trial court broad discretion in matters of continuances. . . . An abuse of discretion must be proven by the appellant by showing that the denial of the continuance was unreasonable or arbitrary." (Internal quotation marks omitted.) *DiStefano* v. *DiStefano*, 67 Conn. App. 628, 631, 787 A.2d 675 (2002). "Decisions to grant or to deny continuances are very often matters involving judicial economy, docket management or courtroom proceedings and, therefore, are particularly within the province of a trial court." *In re Shaquanna M.*, 61 Conn. App. 592, 604, 767 A.2d 155 (2001).

In the present case, the plaintiff twice sought a continuance and was denied both times by the court.[7] In ruling

---

[6] In her brief, the plaintiff also states that "owing to the unusual nature of these cases as trials without partners, it may well be that plaintiffs' claims should be reviewed under the plain error doctrine." Because we conclude that there was no abuse of discretion, we need not address that assertion.

[7] The plaintiff in her brief does not indicate whether she takes issue with the court's denial of her request for a continuance at the status conference

on the motion on the first day of trial, the court asked the plaintiff how long of a continuance she was requesting. The plaintiff stated that she needed at least one month. The court replied that it was "booked for two years straight after this month, unless something [is] settled." In denying the motion, the court stated further that "[t]here has been more than ample time for the retention of a lawyer in this case. And I simply will not permit last minute attempts to get a lawyer to grind the effective management of the cases on this docket to a shuddering halt. So we will proceed." When the plaintiff stated that she would appeal from that decision, the court stated: "This case was scheduled for a trial before a year ago or more, when you did not have a lawyer, and you were urged to get a lawyer. I told you—I told you over a month ago, six or seven weeks ago, that you couldn't have a continuance. If you were going to get a lawyer, you had better do it quick. And our court officer had a call only just before Easter from one lawyer and last week from another. So, obviously, you dragged your feet until the last minute, and I'm not going to reward that behavior with a continuance when you have had so much more notice than people usually get about when their case is going to be tried."

The court did not abuse its discretion in denying the motion for a continuance. As we have stated, matters of judicial economy, docket management and control of courtroom proceedings are particularly within the province of a trial court. In the present case, we conclude that the court properly exercised its discretion with regard to all three considerations. It is clear that a continuance for one month would have disrupted the trial court's complex litigation docket. Moreover, as the court correctly noted, the plaintiff had been without a

---

or the denial at trial. We will address the court's decision that was made on the first day of trial, as that was its final ruling on the issue.

lawyer for roughly one year. She had ample time to find representation. The plaintiff also was made aware of the pressing need to find counsel roughly seven weeks prior to trial when the court denied the motion for a continuance at the status conference. Under those circumstances, the plaintiff has failed to establish that the court's denial of the continuance was unreasonable or arbitrary. The court acted properly within its discretion.

The judgments are affirmed.

In this opinion the other judges concurred.