### SHARON RACSKO *v.* RICHARD RACSKO
### (AC 27400)

DiPentima, Gruendel and Berdon, Js.

Submitted on briefs March 26—officially released June 26, 2007

*William R. Donaldson* filed a brief for the appellant (defendant).

*Opinion*

PER CURIAM. The defendant, Richard Racsko, appeals from the judgment of the trial court modifying the amount of alimony payable by him to the plaintiff, Sharon Racsko.[1] On appeal, he claims that the court improperly declined to modify the alimony award as to term in accordance with the judgment of dissolution.[2] We disagree and affirm the judgment of the trial court.

[1] The pro se plaintiff did not file a brief in this court. We therefore considered this case on the record and the defendant's brief.

[2] The defendant does not challenge the court's modification of the alimony award as to amount.

The following facts are necessary for our resolution of the defendant's claims. The parties were married on April 22, 1989, in Jacksonville, Florida, and have two minor children. Their marriage was dissolved by the court, *Abery-Wetstone, J.*, on August 1, 2003. With respect to alimony, the court ordered: "The [defendant] shall pay to the [plaintiff] alimony of $300.00 per week for a period of seven (7) years from the date of the dissolution, nonmodifiable as to term, unless the [defendant] or [plaintiff] dies, remarries, or cohabitates as defined by statute." On July 14, 2005, the defendant filed a motion for modification of alimony postjudgment on the basis of, inter alia, his cohabitation with another woman as of April, 2004.[3] The motion was argued on January 11, 2006. On January 20, 2006, in a memorandum of decision, the court, *Hon. Lloyd Cutsumpas*, judge trial referee, reduced the alimony payments to $250 per week. In addressing the defendant's argument that alimony should be terminated because the order of alimony contained in the judgment refers to the cohabitation of either party, Judge Cutsumpas reasoned: "It is doubtful that the trial judge intended such a result. But even if she did, this court does not find [that] a modification based upon the defendant's cohabitation or remarriage is warranted, but does find a modification based upon a substantial change in financial circumstances of the parties."[4] This appeal followed.

The defendant argues that the court improperly interpreted the judgment rather than follow its clear and unambiguous language, which, according to the defendant, entitled him to a modification of the term of alimony on the basis of his cohabitation. We disagree.

[3] The defendant and the woman with whom he was living were married on October 21, 2005.

[4] Consequently, the court modified the alimony award as to amount but not as to term.

The defendant's claim challenges the court's construction of the judgment ordering the defendant to make alimony payments. "The construction of a judgment is a question of law for the court. . . . As a general rule, judgments are to be construed in the same fashion as other written instruments. . . . The determinative factor is the intention of the court as gathered from all parts of the judgment. . . . The judgment should admit of a consistent construction as a whole. . . . To determine the meaning of a judgment, we must ascertain the intent of the court from the language used and, if necessary, the surrounding circumstances. . . . We review such questions of law de novo." (Citations omitted; internal quotation marks omitted.) *Burke* v. *Burke*, 94 Conn. App. 416, 421, 892 A.2d 964 (2006).

The dissolution judgment specifically provided that cohabitation was to be defined by statute. Although the judgment does not specify which statute, General Statutes § 46b-86 (b) is commonly known as the cohabitation statute. *Cushman* v. *Cushman*, 93 Conn. App. 186, 198, 888 A.2d 156 (2006). Section 46-86 (b) provides: "In an action for divorce, dissolution of marriage, legal separation or annulment brought by a husband or wife, in which a final judgment has been entered providing for the payment of periodic alimony by one party to the other, the Superior Court may, in its discretion and upon notice and hearing, modify such judgment and suspend, reduce or terminate the payment of periodic alimony upon a showing that *the party receiving the periodic alimony is living with another person* under circumstances which the court finds should result in the modification, suspension, reduction or termination of alimony because the living arrangements cause such a change of circumstances as to alter the financial needs of that party." (Emphasis added.) Thus, the relevant statute clearly limits cohabitation warranting modification of an alimony award to situations in which the

person receiving the alimony is living with another person. The statute further conditions modification of alimony in this situation on a showing that the recipient's financial needs have been altered as a result of the cohabitation. See *DiStefano* v. *DiStefano*, 67 Conn. App. 628, 633, 787 A.2d 675 (2002). Our Supreme Court has held both of those requirements apply even when the judgment does not define cohabitation or reference the statute. See *DeMaria* v. *DeMaria*, 247 Conn. 715, 722, 724 A.2d 1088 (1999).

Contrary to the defendant's assertion, the language of the judgment is ambiguous as to the cohabitation provision. The defendant's reading of the judgment, however, is belied both by § 46b-86 (b) and our case law. We therefore conclude that the court properly rejected the defendant's claim that his cohabitation with another woman served as a proper ground for the modification of alimony as to term.

The judgment is affirmed.