HOWARD B. SOSIN *v.* SUSAN F. SOSIN
(AC 27633)
(AC 27829)

Bishop, Harper and Peters, Js.

Argued March 11—officially released August 12, 2008

*Wesley W. Horton*, with whom were *Daniel J. Krisch* and *Mark R. Soboslai*, for the appellant-appellee (plaintiff).

*Charles D. Ray*, with whom was *Frederic J. Siegel*, for the appellee-appellant (defendant).

*Opinion*

HARPER, J. The plaintiff, Howard B. Sosin, appeals from the judgment of the trial court following a postdissolution contempt proceeding initiated by his former wife, the defendant, Susan F. Sosin. The court ordered the plaintiff to pay the defendant $3,828,081, calculated as the unpaid portion of moneys awarded to the defendant in a modified judgment of dissolution, as well as postjudgment interest. The plaintiff claims that (1) the court's order that he pay the defendant $3,828,081 was improper because it contradicted the court's earlier distribution of marital assets and (2) the court improperly awarded the defendant interest after finding that he had not withheld payment from the defendant wrongfully. The defendant filed a cross appeal related to the court's award of interest. The defendant claims that the court improperly (1) awarded her interest under General Statutes § 37-1 instead of General Statutes § 37-3a and (2) failed to award such interest on all of the moneys to which it applied from the date that the defendant was obligated to have made payment to her. We disagree with the claims raised by the plaintiff. We agree

with the claims raised by the defendant and, accordingly, reverse the judgment of the trial court and remand the case to that court to consider the claim for postjudgment interest in accordance with this opinion.

The following facts and procedural history are relevant to the appeal and cross appeal. By memorandum of decision issued March 22, 2005, the court dissolved the parties' marriage and distributed the parties' assets, which the court valued at approximately $147 million. The court awarded the plaintiff exclusive possession of seventeen bank-brokerage accounts totaling $89,039,617.68. The court awarded the defendant one bank-brokerage account totaling $6,171,803. The court also awarded the defendant a lump sum cash award of $24 million. With regard to this award, the court stated: "The plaintiff shall choose to pay this amount from any of his seventeen accounts. This sum shall be paid within thirty (30) days of this decree." April 21, 2005, fell thirty days following the court's decree.

On April 11, 2005, the plaintiff filed a motion to reargue on the ground that the court improperly had allocated and valued specific assets and that these improprieties were material to its distribution of assets. The court granted the motion and conducted a hearing on the motion.[1] On September 8, 2005, the court issued an order modifying its earlier distribution of assets. The court agreed with the plaintiff that it had overstated the value of certain assets awarded to him. The court stated in relevant part: "The overstatement of value to the plaintiff is $459,700, one half of which ($229,850)

[1] By motion dated May 10, 2005, the plaintiff filed an amendment to his motion to reargue, representing that one of the accounts that the court awarded to him was overvalued by $3,650,000 and that another account awarded to him, valued at $41,941.58, was not subject to equitable distribution. Without explanation, the court provided the parties notice of its denial of this motion on October 11, 2005. The plaintiff did not appeal from this ruling, and, thus, it is not under consideration in this appeal.

should be credited to the plaintiff. It was the court's intention to award the defendant the lump cash award of $24 million so the sum of $229,850 should be deducted from the cash award and credited to the plaintiff." The court also awarded certain items to the plaintiff and ordered that "$64,750 in cash should be credited to the defendant." Consequently, the court's September 8, 2005 order affected the original cash award made to the defendant; the court's modified judgment obligated the plaintiff to pay the defendant $23,834,900.

On November 3, 2005, the defendant filed a motion for contempt, citing the plaintiff's failure to pay any of the moneys due her by virtue of the court's modified judgment, from which the plaintiff had not appealed. The defendant also asked the court to award her interest until such time as the plaintiff complied with the court's judgment. By memorandum of law dated February 24, 2006, the defendant represented that on November 10, 2005, she received payment from the plaintiff in the amount of $20,006,819 but that a balance of $3,828,081 was still unpaid. The defendant asked that the plaintiff be held in contempt, for an award of counsel fees and for an award of interest under § 37-3a, on the entire monetary award from April 21 through November 10, 2005, as well as an award of interest on the unpaid balance of $3,828,081 from November 10, 2005, through February 24, 2006.

On March 23, 2006, the court issued an order denying the defendant's motion for contempt, stating in relevant part: "An examination of the transcript and record makes it clear that the defendant was awarded the sum of $24 million. By order dated September 8, 2005, the court made slight modifications and reduced the $24 million by $165,100 leaving a balance due of $23,834,900. The plaintiff unilaterally deducted $3,828,081 from the sum due the defendant. There was no escrow of funds pending a judicial determination. The plaintiff shall pay

to defendant the sum of $3,828,081 within ten days of the date of this order. Interest at the legal rate is ordered on said sum from September 8, 2005 (date of modification of decision). The court has some doubt as to whether the plaintiff's conduct was wilful and deliberate. The present motion for contempt is denied."

Thereafter, both parties challenged the court's award of interest. On April 11, 2006, the plaintiff filed a motion to reargue the court's March 23, 2006 order. The plaintiff represented that on April 3, 2006, he paid the defendant an additional $4,001,760.21, in compliance with the court's judgment. The plaintiff nevertheless challenged the propriety of the court's award of interest on the ground that the court had not rendered a final judgment concerning the payment to the defendant until after the September 8, 2005 judgment became final on October 11, 2005, and that interest should not begin to accrue prior to this date. The court denied the plaintiff's motion on April 19, 2006. Also, on April 11, 2006, the defendant filed a motion to reargue the court's March 23, 2006 order. The defendant challenged the court's award of interest, arguing that she was entitled to interest at the rate of 10 percent beginning on April 21, 2005, instead of September 8, 2005. The court denied the defendant's motion on June 22, 2006.

Additionally, on April 11, 2006, the defendant filed a motion for contempt on the ground that the defendant had not paid her interest in compliance with the court's judgment. Specifically, the defendant represented that the defendant had paid her interest on $3,828,081 as of September 8, 2005, but that he improperly calculated the interest at a rate of 8 percent rather than at the rate of 10 percent per § 37-3a, as was required by the court's order.

On May 8, 2006, the plaintiff filed an appeal, AC 27633, from the court's March 23, 2006 order. On May 16, 2006,

the defendant filed a cross appeal from the March 23, 2006 order. On June 28, 2006, following the court's denial of her motion to reargue the March 23, 2006 order, the defendant filed an amended cross appeal. On July 7, 2006, following the court's denial of his motion to reargue, the plaintiff filed a second appeal, AC 27829. On October 11, 2006, this court consolidated the pending appeals under AC 27633 and AC 27829.

On November 27, 2006, the court issued the following order concerning the motion for contempt: "The court has carefully considered the claims of the parties and finds that § 37-3a of the Connecticut General Statutes is applicable and that 10 percent is the correct rate of interest. Upon payment of the balance due, the defendant shall release the judgment lien certificate dated March 9, 2006. The motion for contempt is denied, without prejudice." On December 18, 2006, the plaintiff filed an amended appeal from this order.

On December 13, 2006, this court ordered the trial court to articulate the statutory basis for its March 23, 2006 award of interest. By articulation filed February 9, 2007, the court stated: "The rate of interest is 8 percent and is based on Connecticut General Statutes § 37-1." The court subsequently granted the defendant's motion to reconsider this order and, on June 8, 2007, issued an order stating as follows: "The motion to reconsider is granted. While there were inconsistent orders as they related to the amount of interest, the court articulated on February 9, 2007, that the rate of interest is 8 percent and is based on Connecticut General Statutes § 37-1. The articulation is rearticulated and remains the order of the court." On June 25, 2007, the defendant filed a second amended cross appeal from this order. Additional facts will be set forth as necessary.

# I

## THE APPEAL

### A

The plaintiff first claims that the court's March 23, 2006 order that he pay the defendant $3,828,081 was improper because it contradicted the court's March 22, 2005 distribution of marital assets. We disagree.

The plaintiff argues that in its March 22, 2005 judgment, the court plainly evidenced its intent "to award [him] accounts and funds with a total value of $89,039,617.69" by listing seventeen accounts, specifying the value of each of the accounts and awarding those accounts, with a specified total value of $89,039,617.69, to him. Stated otherwise, the plaintiff asserts that the court awarded him a lump sum cash award in this amount. The plaintiff argues that the court's subsequent order of March 23, 2006, that he pay the defendant $3,828,081, rendered the court's prior distribution of those accounts "a mathematical impossibility" and, thus, modified the prior distribution. The plaintiff posits that although the court in March, 2006, possessed the authority to clarify its earlier judgment, it was without jurisdiction to modify the earlier judgment, which it did. Accordingly, the plaintiff claims that this court should reverse the March 23, 2006 order that he pay the defendant $3,828,081.

The defendant responds that the plaintiff is relying on a flawed interpretation of the court's March, 2005 distribution of marital assets. The defendant asserts that in the March, 2005 judgment, the court clearly evidenced its intent to award the plaintiff the seventeen accounts at issue, not a specific amount of money. The defendant, moreover, asserts that the court clearly evidenced its intent to award her a specific amount of money, namely, $24 million. The defendant further

asserts that to the extent that the judgment of dissolution was ambiguous with regard to the award made to the plaintiff, the court properly clarified its judgment in subsequent orders, leaving no doubt that it had not awarded the plaintiff a lump sum cash award. Accordingly, the defendant argues that the March, 2006 order was not inconsistent with and did not modify the court's earlier judgment, and, thus, the plaintiff's challenge to the order is without merit.

Resolving the plaintiff's claim requires that we construe the court's March, 2005 judgment. "The construction of a judgment is a question of law for the court. . . . As a general rule, judgments are to be construed in the same fashion as other written instruments. . . . The determinative factor is the intention of the court as gathered from all parts of the judgment. . . . The judgment should admit of a consistent construction as a whole. . . . To determine the meaning of a judgment, we must ascertain the intent of the court from the language used and, if necessary, the surrounding circumstances. . . . We review such questions of law de novo." (Internal quotation marks omitted.) *Racsko* v. *Racsko*, 102 Conn. App. 90, 92, 924 A.2d 878 (2007). "Effect must be given to that which is clearly implied as well as to that which is expressed." (Internal quotation marks omitted.) *Steiner* v. *Middlesex Mutual Assurance Co.*, 44 Conn. App. 415, 428, 689 A.2d 1154 (1997).

In March, 2005, the court issued a twenty-two page memorandum of decision followed by several appendices consisting of specific orders. The "bank-brokerage accounts and retirement funds" section provided: "The plaintiff will maintain his interest in, and the defendant will transfer to the plaintiff all her right, title and interest in, the following bank-brokerage accounts and retirement funds. The plaintiff will have exclusive possession of these accounts and funds on the date of this decree."

The court thereafter listed, by account name and number, seventeen bank-brokerage accounts as well as the dollar value of each account. Beneath this information, the court stated the combined value of the accounts as follows: "Total $89,039,617.68." Thereafter, the court listed, by account name and number, five retirement funds as well as the dollar value of each fund. Beneath this information, the court stated the combined value of the funds as follows: "Total $809,860." The court clarified, in a footnote, that "per this order, each of the parties retains his-her retirement fund."

The order further provided: "The defendant will maintain her interest in, and the plaintiff will transfer to the defendant all his right, title and interest in the following bank-brokerage accounts and retirement funds. The defendant will have exclusive possession of these accounts effective on the date of this decree." The court listed, by account name and number, one bank-brokerage account, followed by its dollar value. Thereafter, the court reiterated the value of the account as follows: "Total $6,171,803." The court also listed, by account name and number, two retirement funds followed by the dollar value of each fund. Under this information, the court stated the combined value of these funds as follows: "Total $56,706." Following these distributions to the defendant, the court stated as follows: "Additionally, the court awards the defendant the sum of twenty-four million dollars ($24,000,000). The plaintiff shall choose to pay this amount from any of his seventeen accounts. This sum shall be paid within thirty (30) days from this decree."

Affording the provisions at issue a reasonable meaning consistent with the court's judgment as a whole, we conclude that the court awarded certain accounts and funds to each party but awarded only the defendant a lump sum cash payment. Although we recognize that the court assigned a dollar amount to each account and

fund awarded the plaintiff and stated a total value for the accounts and funds, there is no basis on which to conclude that the court intended to distribute a $89,039,617.69 lump sum award to the plaintiff, as he asserts, rather than the accounts at issue.

The reasonableness of this construction is evidenced plainly by the manner in which the court did award a lump sum payment of $24 million to the defendant. In doing so, the court specified that it awarded her "the sum of twenty-four million dollars" to be paid by any of the plaintiff's accounts. The court did not use similar language or refer to any "sum" of money in its award to the plaintiff. To the contrary, the court referred only to the "accounts and funds" that it awarded to the plaintiff. There is no basis in fact or law to conclude, as the plaintiff suggests, that the court intended to award him $89,039,617.68, the precise value of the seventeen bank-brokerage accounts, merely because it listed and added the value of these accounts in its order. As the pleadings reveal, the value of these accounts was subject to fluctuation despite the court's efforts to obtain up to date information concerning the value of the parties' assets prior to distributing those assets. For this reason, it was both reasonable and practical for the court to have awarded the accounts themselves, and not specific dollar amounts, in distributing those accounts.

The plaintiff's interpretation clearly is contradicted by the fact that the court, within the same order, deducted $24 million from the accounts it had awarded the plaintiff. It belies a reasonable and consistent interpretation of the entire order to suggest that the court awarded the plaintiff a certain sum of money and then awarded a portion of those moneys to the defendant. It is, however, both reasonable and consistent with the terms of the entire order to conclude that the court awarded certain funds to the plaintiff and also a specific

lump sum, to be paid from those funds, to the defendant. Viewed in this manner, the court's subsequent order, for the plaintiff to pay the defendant the $3,828,081 that he had withheld from the lump sum award, was not a modification of, and did not contradict, its original distribution of assets.[2]

## B

Next, the plaintiff claims that regardless of whether the court awarded the defendant postjudgment interest pursuant to § 37-3a or § 37-1, the award of interest on $3,828,081 retroactive to September 8, 2005, was improper because the court did not find that he had withheld such payment wrongfully. We disagree.

As set forth previously, the court ultimately relied on § 37-1 in awarding interest to the defendant. The parties agree that the court's reliance on this provision was improper. The interpretation of statutes presents a purely legal determination, one that this court affords plenary review. See *Goodyear* v. *Discala*, 269 Conn. 507, 512, 849 A.2d 791 (2004). On the basis of our review of § 37-1,[3] we conclude that by its terms, it is not applicable to the present case, which does not involve the forbearance of a loan agreement between the parties, but the wrongful detention of funds.

As she did before the trial court, the defendant claims that she is entitled to interest under § 37-3a. We will

[2] There being no ambiguity in the court's distribution of assets, we reject the plaintiff's argument that the court's March 23, 2006 order modified the earlier judgment. Under these circumstances, we view the court's March 23, 2006 order to pay the remainder of the lump sum payment as a means of compelling the plaintiff to comply with the earlier order.

[3] General Statutes § 37-1 provides: "(a) The compensation for forbearance of property loaned at a fixed valuation, or for money, shall, in the absence of any agreement to the contrary, be at the rate of eight per cent a year; and, in computing interest, three hundred and sixty days may be considered to be a year.

"(b) Unless otherwise provided by agreement, interest at the legal rate from the date of maturity of a debt shall accrue as an addition to the debt."

address this claim in part II A of this opinion and remand the case to the trial court to consider the claim for interest under this statute. Because we will resolve the claim in this manner, it is appropriate that we address the plaintiff's claim that an award under § 37-3a is not proper because the court did not find that he had acted wrongfully in withholding payment and that the evidence did not support such a finding.

General Statutes § 37-3a (a) provides in relevant part: "[I]nterest at the rate of ten per cent a year, and no more, may be recovered and allowed in civil actions . . . as damages for the detention of money after it becomes payable. . . ." It is not in dispute that such an award of interest may be made in marital dissolution actions. See, e.g., *Crowley* v. *Crowley*, 46 Conn. App. 87, 97, 699 A.2d 1029 (1997). "We have construed the statute to make the allowance of interest depend upon whether the detention of the money is or is not wrongful under the circumstances. . . . The allowance of interest as an element of damages is, thus, primarily an equitable determination and a matter lying within the discretion of the trial court. . . . We have seldom found an abuse of discretion in the determination by a trial court of whether a detention of money was wrongful." (Internal quotation marks omitted.) *McCullough* v. *Waterside Associates*, 102 Conn. App. 23, 33, 925 A.2d 352, cert. denied, 284 Conn. 905, 931 A.2d 264 (2007).

"Before awarding interest [under § 37-3a], the trial court must ascertain whether the [party against whom interest is sought] has wrongfully detained money damages due the [aggrieved party]. . . . Interest on such damages ordinarily begins to run from the time it is due and payable to the [aggrieved party] . . . . The determination of whether or not interest is to be recognized as a proper element of damage, is one to be made in view of the demands of justice rather than through the application of an arbitrary rule. . . .

"A trial court must make two determinations when awarding compensatory interest under § 37-3a: (1) whether the party against whom interest is sought has wrongfully detained money due the other party; and (2) the date upon which the wrongful detention began in order to determine the time from which interest should be calculated. . . . Factual findings, such as those determinations, are reviewed under the clearly erroneous standard of review." (Citations omitted; internal quotation marks omitted.) *Advanced Financial Services, Inc.* v. *Associated Appraisal Services, Inc.*, 79 Conn. App. 22, 31, 830 A.2d 240 (2003).

The determination of whether a retention of payment was *wrongful* is inherently fact bound, and reviewing courts permit lower courts to evaluate the unique facts of each case in exercising their discretion to award or to disallow interest under § 37-3a. See *Maloney* v. *PCRE, LLC,* 68 Conn. App. 727, 756, 793 A.2d 1118 (2002). This court has observed that a party's burden of demonstrating a wrongful detention of payment "requires more than demonstrating that the opposing party detained money when it should not have done so. The fact that an award of such interest is discretionary and subject to equitable considerations, rather than automatic, reflects the reality that not all improper detentions of money are wrongful." Id. "Although bad faith is one factor that the court may look at when deciding whether to award interest under § 37-3a, we note that, in the context of the statute, 'wrongful' is not synonymous with bad faith conduct. Rather, wrongful means simply that the act is performed without the legal right to do so." *Ferrato* v. *Webster Bank,* 67 Conn. App. 588, 596, 789 A.2d 472, cert. denied, 259 Conn. 930, 793 A.2d 1084 (2002).

The court awarded the defendant interest in March, 2006. At that time, it also denied the defendant's motion for contempt for the plaintiff's failure to pay the

$3,828,081 at issue. In its ruling, the court stated that the plaintiff had "unilaterally deducted $3,828,081 from the sum due the defendant" by virtue of the court's prior orders. The court deemed it relevant that the plaintiff had not deposited the funds at issue in escrow while awaiting a judicial determination related to the funds. The court ordered the plaintiff to pay the money he withheld with interest but stated that "[t]he court has some doubt as to whether the plaintiff's conduct was wilful and deliberate." During a hearing on a subsequent motion for contempt filed by the defendant, the defendant's attorney referred to the fact that the court, in March, 2006, was "very clear that [there] was a wrongful detention of money due [the defendant]." The court responded, "I don't think unilaterally deducted doesn't mean [the plaintiff] didn't have a right to, if you look at the language." The defendant's attorney responded, stating that "[a]t that point, you had said several times [that the defendant] was owed the sum of $24 million." The court replied, "I wouldn't go so far as to interpret the language that way."

The plaintiff relies on the court's denial of the defendant's motion for contempt, as well as the court's statements, in an attempt to persuade us that the court did not find that he had acted wrongfully in withholding payment. The plaintiff also asserts that it is reasonable to conclude that it was reasonable for him to have withheld the payment at issue and that he acted in "good faith" in an attempt to comply with the court's orders. On these bases, the plaintiff argues that any award of interest pursuant to § 37-3a would be improper.

As our recitation of the court's rulings reflects, the court stated in November, 2006, that its award of interest was pursuant to § 37-3a and, later, stated that it was awarding interest pursuant to § 37-1. Because the court's reliance on § 37-1 was legally improper, we will

remand the case with direction that the court consider the defendant's claim for interest under the proper statutory authority, § 37-3a. The court did not make any factual findings with regard to its decision to award interest under § 37-3a. We are not persuaded by the plaintiff's claim that the court's denial of the defendant's motion for contempt, or its subsequent statements regarding its award of interest, preclude, on remand, a finding of wrongful detention of payment by the plaintiff in failing to pay any of the moneys awarded to the defendant when they were due and payable and, thus, an award of interest on those moneys under § 37-3a.

"In order to constitute contempt, a party's conduct must be wilful. . . . The contempt remedy is particularly harsh . . . and may be founded solely upon some clear and express direction of the court. . . . One cannot be placed in contempt for failure to read the court's mind. . . . A good faith dispute or legitimate misunderstanding of the terms of an . . . obligation may prevent a finding that the payor's nonpayment was wilful. This does not mean, however, that such a dispute or misunderstanding will preclude a finding of wilfulness as a predicate to a judgment of contempt. Whether it will preclude such a finding is ultimately within the trial court's discretion." (Citations omitted; internal quotation marks omitted.) *Sablosky* v. *Sablosky*, 258 Conn. 713, 718, 784 A.2d 890 (2001). The contempt remedy is appropriate on a finding of *wilful conduct*; an award of interest under § 37-3a is made on a finding that a party has *wrongfully* detained payment. These considerations are legally distinct such that the court's denial of the defendant's motion for contempt in no manner prohibits the court from finding that the plaintiff had detained payment wrongfully. Similarly, we are not persuaded that the court's statements concerning the plaintiff's conduct, made during a hearing on a motion to

reconsider its denial of the defendant's motion for contempt, prohibit a finding that the plaintiff had detained payment wrongfully. Furthermore, because this court does not find facts and the trial court did not make any pertinent factual findings, we do not consider the factual assertion of the plaintiff, that he had acted in good faith in retaining part or all of the moneys that were due and payable to the defendant.

"A decision to deny or grant postjudgment interest is primarily an equitable determination and a matter lying within the discretion of the trial court." (Internal quotation marks omitted.) *Bower* v. *D'Onfro*, 45 Conn. App. 543, 550, 696 A.2d 1285 (1997). The decision to award interest must be made on the unique facts of each case. Here, the court clearly found that the plaintiff had acted "unilaterally" in withholding payment and, by ordering the plaintiff to pay the $3,828,081 at issue, concluded that the plaintiff was without a legal right to withhold payment. The record reflects that the plaintiff withheld the remainder of the lump sum payment until after the defendant filed the contempt motion. Nothing in the record before us legally or logically forecloses the court from finding that the plaintiff acted wrongfully in withholding payment of any portion of the moneys awarded the defendant when they were due and payable and awarding interest under § 37-3a.

II

CROSS APPEAL

A

First, the defendant claims that the court's award of interest under § 37-1 was improper because that provision is not applicable. The defendant asks that this court reinstate the court's November 27, 2006 order awarding her interest under § 37-3a at the rate of 10 percent.

In part I B of this opinion, we concluded that the court's reliance on § 37-1 was improper as a matter of law and that the court should have considered an award of interest under the applicable statutory provision, § 37-3a. Additionally, we rejected the plaintiff's claim that under the facts and procedural history of this case, the court could not properly award interest under the latter provision.

The defendant claims that the proper remedy is that we reinstate the court's November 27, 2006 order made under § 37-3a. We disagree. As explained previously, awarding interest under § 37-3a requires that the court make specific findings and exercise its equitable discretion. Here, the court rendered conflicting decisions concerning interest, ultimately articulating its reliance on § 37-1. The court's rulings reflect uncertainty and ambiguity as to the award of interest; the court has not clearly set forth its rationale for awarding interest under the proper statute. Under these circumstances, we conclude that the appropriate remedy is to remand the case to the court to revisit the issue in accordance with the principles set forth in this opinion.

B

Apart from challenging the statutory basis for the court's award of interest, the defendant also challenges the manner in which the court calculated interest. Specifically, the defendant claims that in its March 23, 2006 order, the court improperly awarded her interest on $3,828,081, accruing as of September 8, 2005. The defendant asserts that she was entitled to interest on the total amount that became payable to her on April 21, 2005, until payment was made.

As set forth previously, the decision to award the defendant interest under § 37-3a lies within the court's sound discretion. If, however, the court decides to award such interest, the proper application of the statute presents an issue of statutory interpretation, which

we afford plenary review. Section 37-3a provides in relevant part that "interest at the rate of ten per cent a year, and no more, may be recovered and allowed . . . ." A court "ha[s] no discretion to start its accrual from any time other than the date of judgment." (Internal quotation marks omitted.) *Bower* v. *D'Onfro*, supra, 45 Conn. App. 551; see also *TDS Painting & Restoration, Inc.* v. *Copper Beech Farm, Inc.*, 73 Conn. App. 492, 514, 808 A.2d 726, cert. denied, 262 Conn. 925, 814 A.2d 379 (2002). "[Section 37-3a] provides for an award of interest on money from the time money is wrongfully withheld. . . . Money remains due until it is paid. Until such time as the damages are ascertained and are actually ordered to be paid, they remain due. Until a trial is over and judgment is rendered for a plaintiff, a plaintiff cannot be sure of any recovery. The money may have been wrongfully detained prior to judgment, and it is deemed as such when judgment is finally rendered, in effect awarding interest retroactively, but interest cannot be due *and* payable until judgment is rendered." (Emphasis in original; internal quotation marks omitted.) *Wallenta* v. *Moscowitz*, 81 Conn. App. 213, 246, 839 A.2d 641, cert. denied, 268 Conn. 909, 845 A.2d 414 (2004).

In its March 22, 2005 judgment, the court awarded $24 million to the defendant with payment to be made within thirty days, by April 21, 2005. By the unambiguous terms of the court's judgment, payment was payable to the defendant as of April 21, 2005. Both parties assert, and we agree, that if the court determines that an award of interest under § 37-3a is warranted, it should begin to accrue on this date.

With regard to the amount on which interest may be awarded, the statute permits interest to accrue on money awarded in a civil action after it has become payable by virtue of the court's judgment. General Statutes § 37-3a. According to the March 22, 2005 judgment, $24 million became due and payable on April 21, 2005.

The court modified its judgment on September 8, 2005, reducing the amount of the defendant's lump sum payment to $23,834,900. When such a modification of a judgment occurs, it is appropriate to consider the modified amount as having become due and payable from the date of the original judgment. "It should be as if the correct judgment had been issued by the original trial court, with the interest running forward from that date." *Patron* v. *Konover*, 43 Conn. App. 645, 652, 685 A.2d 1133 (1996), cert. denied, 240 Conn. 911, 690 A.2d 400 (1997). Accordingly, if the court determines that the plaintiff wrongfully withheld all of the $23,834,900 payment that became due and payable on April 21, 2005, a proper application of the statute would permit an award of interest, up to 10 percent, on that amount until it was paid fully. It remains within the court's discretion, in light of its factual findings, to award interest on any portion of this payment that it determines was withheld wrongfully until payment was made.

With regard to the issues raised in the plaintiff's appeal, the judgment is affirmed. With regard to the issues raised in the defendant's cross appeal, the judgment is reversed as it relates to the court's award of postjudgment interest and the case is remanded to the trial court to reconsider that issue in accordance with this opinion.

In this opinion the other judges concurred.