PHILIP J. DEFEO *v.* IRENA DEFEO
(AC 30267)

Lavine, Alvord and West, Js.

Argued November 10, 2009—officially released January 19, 2010

*Irena DeFeo,* pro se, the appellant (defendant).

*Opinion*

ALVORD, J. The defendant, Irena DeFeo, appeals from the denial of her motion for contempt. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to the defendant's appeal. The parties were divorced on August 2, 2005. As part of the property settlement, the defendant was granted sole ownership of the couple's Las Vegas time share property (time share). The plaintiff, Philip DeFeo, was ordered to pay all expenses related to the time share through the end of 2005, including any remaining mortgage debt, the common charges and the property taxes. The defendant was ordered to pay all time share fees arising after 2005. The plaintiff failed to transfer title to the time share to the defendant, and the defendant filed a motion for contempt on June 2, 2008.[1] In her motion, she claimed that the time share had been foreclosed and sought compensation for its value plus interest since the date of dissolution as well as attorney's fees.

A hearing was held on July 21, 2008, after which the court denied the defendant's motion from the bench. The court found that the plaintiff paid all of the time share expenses through 2005, but that the defendant failed to make any payments thereafter. It concluded that the plaintiff's failure to transfer the time share to the defendant was troubling but excusable in light of the defendant's failure to transfer other property to the plaintiff.[2] Finally, the court noted that since the time share had been foreclosed in 2007, it was now beyond the plaintiff's power to transfer title. This appeal followed. The defendant claims that the court improperly

---

[1] The defendant filed several prior, unsuccessful motions for contempt relating, in part, to the time share. The propriety of the denial of the defendant's previous motions is not at issue in this appeal.

[2] The defendant does not challenge this portion of the court's findings on appeal.

found that the plaintiff paid the time share expenses through 2005 and determined that the defendant was responsible for fees accruing after 2005.[3]

"A finding of indirect civil contempt must be established by sufficient proof that is premised on competent evidence presented to the trial court and based on sworn testimony." (Internal quotation marks omitted.) *Bunche* v. *Bunche*, 36 Conn. App. 322, 324, 650 A.2d 917 (1994). Appellate review of a denial of a motion for contempt is limited to "whether the trial court abused its discretion in failing to find that the actions or inactions of the defendant were in contempt of a court order." Id.

The defendant's first claim presents a question of fact. "The trial court's findings [of fact] are binding upon this court unless they are clearly erroneous . . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Cifaldi* v. *Cifaldi*, 118 Conn. App. 325, 330–31, 983 A.2d 293 (2009). In this case, both parties testified at the hearing on the motion. The plaintiff testified that he paid the time share fees through 2005. The defendant did not contradict the plaintiff's testimony or introduce any additional evidence to refute the plaintiff's testimony.[4] As a result, the court's finding is in accord with the evidence.

The defendant next claims that the court improperly held her responsible for the time share expenses that

---

[3] We decline to address the defendant's third argument, namely, that the court improperly found that the plaintiff did not receive notice of the foreclosure. Although the plaintiff testified that he did not receive notice of the foreclosure, the court made no such finding.

[4] The defendant attempted to introduce into evidence three letters that were mailed to the plaintiff and provided notice of the foreclosure. The letters were ruled inadmissible hearsay.

arose after 2005. She argues that her responsibility for payment was, in fact, conditioned on the transfer of title. The dissolution judgment provides in relevant part: "The defendant shall have sole ownership of the Las Vegas [t]ime [s]hare property and the plaintiff shall pay the remaining mortgage on such property, if any, and pay any common charges, property taxes or other debt related to such property, if any, through the end of calendar year 2005. Thereafter, the defendant shall be solely responsible to pay any debts related to the time share property."

"The construction of a judgment is a question of law for the court. . . . As a general rule, judgments are to be construed in the same fashion as other written instruments. . . . To determine the meaning of a judgment, we must ascertain the intent of the court from the language used and, if necessary, the surrounding circumstances. . . . We review such questions of law de novo." (Internal quotation marks omitted.) *Sosin* v. *Sosin*, 109 Conn. App. 691, 699, 952 A.2d 1258, cert. granted in part, 289 Conn. 934, 935, 958 A.2d 1245 (2008). The plain language of the judgment does not support the defendant's claim. It contains no conditional language. Instead, it expressly requires the defendant to pay the time share fees beginning in 2006. Accordingly, the court did not abuse its discretion when it denied the defendant's motion for contempt.

The judgment is affirmed.

In this opinion the other judges concurred.